OLIVIA VON SCHRADER, Respondent, *v.* WILLIAM C. TAYLOR ET AL., Appellants.

### June 17, 1879.

1. Where there has been no manifest abuse of the discretion of the trial court in allowing an amendment of a petition to correspond with the proofs, the appellate court will not interfere.

2. It is not essential, in ejectment, to specifically allege that the holding over was the separate act of the wife, where the defendants, husband and wife, were living separately, though the dispossession complained of was her sole act, and judgment is properly rendered against both.

3. Where the husband is sued in ejectment, and the wife is, at her own request, made a co-defendant, as a *feme sole*, the husband appearing as her attorney, coverture not being disclosed until brought out in evidence on the trial, if the defence of coverture is not raised in the manner prescribed by law, and no motion in arrest is made, the appellate court will not pronounce the judgment void as being against a married woman.

4. Execution may, in some cases, be issued against a *feme covert*.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

M. F. TAYLOR, for appellants : This was a suit in trespass and ejectment, involving a tortious act, and the wife could not be joined as a party with the husband without allegation or proof of separate act of trespass. — *Meegan* v. *Gunsollis*, 19 Mo. 418 ; *Pash* v. *Hopkins*, 2 Bailey, 44 ; *Estill et al.* v. *Fort*, 2 Dana, 240 ; *McKown et al.* v. *Johnson*, 2 McCord, 254.

GLOVER & SHEPLEY, for respondent : The court may at any time before *final judgment*, in furtherance of judgment, amend any record, pleading, etc. Wag. Stats. 1034 ; *Chauvin* v. *Lownes*, 23 Mo. 223 ; *Martin* v. *Martin*, 27 Mo. 227 ; *Green* v. *Gallagher*, 35 Mo. 226.

HAYDEN, J., delivered the opinion of the court.

This is an action of ejectment brought against the defendants, except Mary L. T. Taylor, who appeared by her counsel and at her request was made a party defendant. She at first filed a separate answer, but afterwards joined with the other defendants in a general denial. It appeared that in August, 1872, William C. Taylor and wife conveyed the land in dispute, by deed of trust, to secure indebtedness, and it was through this deed of trust and sale thereunder that the plaintiff claimed. Afterwards, William C. Taylor conveyed the land to Marcus A. Wolff as trustee of the wife of the grantor, William C. Taylor. It appeared that William C. Taylor and his wife were living apart from each other, and that at the time this suit was brought William C. Taylor was not in possession or living upon the premises, though his wife was. Upon the trial, the defendants moved for judgment upon the ground that the property described in the petition was different from that as to which possession was proved. The plaintiff was allowed, against objection, to file an amended petition, and to this the defendants answered by a general denial. Under these pleadings the same evidence was offered as before, and in a matter of description the plaintiff was again permitted to

amend. Judgment was rendered in favor of Wolff, but against all the other defendants.

The matter of setting down the case for hearing on the 25th of March, 1878, after it had once been set for hearing on the seventh day of January, 1878, pertained to the discretionary power of the trial court in the conduct of its own business. So, in granting leave to amend twice, in order that the description of the property might exactly conform to the proof, there was no error. Wag. Stats. 1034, sect. 3.

It is contended that the judgment against William C. Taylor was erroneous, as the evidence showed that he had not been in possession, and that, though his wife was in possession, there was no allegation or testimony tending to show any separate act of hers which authorized the joinder of her husband. It is settled that where at the time charged the husband and wife were in possession together, she should not be joined as defendant in ejectment, since the wrongful act is that of the husband. *Meegan* v. *Gunsollis*, 19 Mo. 417 ; *Hunt* v. *Thompson*, 61 Mo. 154. To authorize a judgment against the wife, there must be evidence tending to show that the ouster, dispossession, or holding over is the act of the wife. The rule is, that as to torts committed by the wife during coverture, husband and wife must be jointly sued. Here the testimony tended to show, not any common possession by the husband and wife, as in the cases just cited, but that the two were not living together ; that William C. Taylor had not been on the property since the 1st of February, 1877, and that the act complained of was the act of his wife. In ejectment the statute prescribes a simple form of declaration, and it is not essential to specifically allege that the holding over was the separate act of the wife. Though it is remarked in *Meegan* v. *Gonsollis* that the petition alleged no such separate act, it is not said that such an allegation is essential. The difficulty there was that the finding showed, as a fact,

that the two were in possession together when the suit was brought. Here, the judgment conformed to the evidence, and was properly rendered against husband and wife. The petition, moreover, would in any event be good after verdict.

It is further objected that the judgment against Mary L. T. Taylor was contrary to law, as upon the trial there was evidence showing that she was a married woman whose husband was sued as a defendant; that as her husband had been in possession with her, there was no evidence of any separate act which could justify the judgment in respect to her. But the case of Mary L. T. Taylor is peculiar. She was not made a party defendant by the plaintiff, but upon her own request, and by a separate order of court to that effect. She thereupon appeared by attorney and defended as a *feme sole*, setting up a contract of her own, etc. This attorney, though that fact was not disclosed until he so testified upon the trial, was her husband, who therefore not only had knowledge of, but conducted the proceeding by which she appeared and defended as a *feme sole*. Her separate answer, it is true, was withdrawn; but she still defended as a *feme sole*, joining in the answer of general denial. Nor did she or her husband make any objection, so far as the record discloses, on the score of her coverture at any time, no motion in arrest of judgment, even, having been filed. She appeared before the court below, and in this court appears as a party litigating in her own right, and with her husband, a co-defendant, acting as her counsel.

It seems to be argued that because it is often said that a judgment against a married woman is void, therefore there is no connection between coverture as a bar, and the rules of legal procedure. It is not easy to discover any authority or reason supporting this position, often virtually assumed as established. Coverture is a defence going merely to the disability of the person, not to the cause of action; and the party relying upon it should raise it in the manner

prescribed by law. The many cases in the books which turn narrowly on the question how coverture should be taken advantage of imply that the disability must be insisted on in the proper way, otherwise the question whether the judgment is void is an irrelevant question, and that a judgment will not be so pronounced on a mere suggestion that it is against a married woman. Where, at common law, the wife was sued alone for a tort committed after marriage, she was obliged to plead her coverture in abatement, and could not otherwise take advantage of the fact. Chitty's Pl. 93. In *Milner* v. *Milnes*, 3 Term Rep. 627, where the question was whether, in an action for trespass for an injury done to the property of the wife, *dum sola*, brought by the wife alone, coverture could be pleaded in bar, Lord Kenyon, after very full argument, held that the coverture could be pleaded only in abatement. It is true that when the husband was not a party to the proceeding, or privy to it, he might have brought error. Thus, it was held in an early case that where a *feme covert* was sued as a *feme sole*, and appeared and pleaded as a *feme sole*, and judgment went against her, the baron, though no party to the record, might bring error and have reversal, of necessity, as otherwise his wife might be taken in execution and he thereby lose her society. 1 Rolle's Abr. 748 ; *Hayward* v. *Williams*, Style, 254. But the case at bar is a case where the husband was himself a party defendant in his own right, and a case in which neither husband nor wife, by plea or in any other manner, raised the question of disability on the record. The failure to file a motion in arrest would seem an admission that the wife was a proper party defendant.

A judgment is not the conclusion of law upon actual facts, or even upon facts found from evidence alone, but may be upon facts appearing in the course of the trial, or as admitted by the parties. What the finding of the facts was in the present case, where no instructions were asked, does not appear ; but upon what took place before the court

there is enough to sustain the judgment without resorting to the practice sanctioned by the Supreme Court of this State in *Weil* v. *Simmons*, 66 Mo. 617, or claiming such breadth for the nineteenth section of our statute of jeofails as is there claimed for it.

The question of the judgment being disposed of, it may be observed that execution is in some cases issued at common law against a *feme covert*. In *Cooper* v. *Hunchin*, 4 East, 521, the King's Bench refused to set aside for irregularity a *capias satisfaciendum* issued against a married woman, where, in an action commenced against the defendant when *sole*, she had, before final judgment, intermarried with one who was not made a party to the proceeding by *scire facias*, or otherwise, Lord Ellenborough observing that as the judgment was against the married woman only, and not against the husband, the execution could only be against her. In *Doe* v. *Butcher*, 3 Man. & Sel. 557, it was held not to be an irregularity to issue an *habere facias possessionem* and *fieri facias* against a *feme covert* by her maiden name, where the ejectment had been commenced before marriage. So, in *Thorpe* v. *Argles*, 1 Dow. & L. 831, where the action was against the woman *sum sola*, and the defendant married before judgment, the court said : "I think the marriage intervening does not prevent the plaintiff from treating her as a *feme sole*, and that the judgment and execution are good as against her, and this rule must consequently be discharged."

The judgment of the court below is affirmed. All the judges concur.