L. W. Andrews, Administratrix, v. Union Central Life
Insurance Company.

No. 693.   Decided April 10, 1899.

**1. Judgment by Default—Nonresident—Service—Pleading.**

Plaintiff in a suit against a life insurance company was not entitled to a judgment by default against a nonresident served by notice in another State and against whom was sought a judgment finding that he had no interest in the policy sued on, but without alleging that any interest was claimed by him. (P. 586.)

**2. Life Insurance—Payment to Creditor—Interest—Burden of Proof.**

An insurance company in defense of an action by an administratrix upon a policy of life insurance payable to D., a creditor of deceased, "as his interest may appear, otherwise to the executors, administrator, or assignees of the insured," had the burden of showing that D. was a creditor of deceased, and to what extent, in order to establish a defense based upon payment of the amount of the policy to him. (Pp. 586, 587.)

**3. Same.**

Upon such a policy D. could only recover to the extent of his interest as a creditor, which, were he suing, must be made to "appear," and a party seeking the benefit of his rights had the same burden of proof. (Pp. 586, 587.)

**4. Life Insurance—Creditor's Interest—Administration—Allowance for Homestead, etc.**

Under a life policy payable to a creditor as his interest might appear, the proceeds, to the extent of such creditor's claim, became no part of the estate, and his rights, to that extent, were superior to those of the widow and children to an allowance made them by the probate court, out of the proceeds of such policy, in lieu of homestead and exempt property and for a year's support. (Pp. 587, 588.)

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Andrews, as administratrix, sued the insurance company and Dyke. The court instructed a verdict for defendants and the judgment was affirmed on appeal. The administratrix then obtained writ of error.

*J. B. Scarborough*, for plaintiff in error.—Where service in any of the methods authorized by law has been had, on failure to answer, plaintiff is entitled to judgment by default adjudicating all matters properly pleaded.

Plaintiff having made out her case by showing she was the surviving widow and administratrix of W. L. Andrews, deceased, and by proof of policy as shown in the statement of facts, and having proven order of probate court of McLennan County setting aside $4000 out of the proceeds of this policy for homestead and exempt property, she was entitled to recover. Defendant declining to introduce any evidence, the court erred in not instructing verdict for plaintiff. Insurance Co. v. Gooding, 49 S. W. Rep., 123.

In an insolvent estate the claim for homestead allowance and allowance in lieu of exempt property and for one year's supply is superior to the claim of any creditor.

*Boynton & Boynton,* for defendant in error.—When insurance is payable on death of insured to some person named, it is not an asset, or any part of insured's estate, or to be treated, controlled, and disposed of as such, but should be paid directly to the beneficiary. 13 Am. and Eng. Enc. of Law, 653, sec. 5; Assurance Soc. v. Hazlewood, 12 S. W. Rep., 621; Insurance Co. v. Williams, 15 S. W. Rep., 478; McClure v. Johnson, 56 Iowa., 620; Bomberger v. Aid Soc., 6 Atl. Rep., 41; Brockway v. Insurance Co., 29 Fed. Rep., 766.

The person named as beneficiary in the policy is the party who should bring the action, he being entitled to recover on the policy independent of his interest in the money so recovered. Assurance Soc. v. Hazlewood, 12 S. W. Rep., 621; Insurance Co. v. Williams, 15 S. W. Rep., 478; Cheeves v. Anders, 28 S. W. Rep., 274; Insurance Co. v. Blodgett, 27 S. W. Rep., 286; Goldbaum v. Blum, 15 S. W. Rep., 564; Lewy v. Gillard, 13 S. W. Rep., 304; Cawthorn v. Perry, 13 S. W. Rep., 268; Brockway v. Insurance Co., 29 Fed. Rep., 766; 1 Bacon on Life Ins., sec. 250b.

Articles 1504a to 1504f, Revised Statutes 1895, provide that in a proceeding in rem affecting the title to property in this State, no judgment by default can be taken against a nonresident; and this without regard to whether he is cited by publication or by personal service of a notice to a nonresident, such service being beyond the limits of the State. Loan Assn. v. Mathews, 35 S. W. Rep., 690.

A party suing on an insurance policy, to whom the same is not made, by its terms, primarily payable, must allege and prove his right to recover on the same. 2 May on Ins., sec. 590; Canfield v. Insurance Co., 13 N. W. Rep., 252; Chrisman v. Insurance Co., 16 Or., 283.

Where a creditor has received payment, and the executor of the insured seeks to recover the money of such party, alleging he was not a creditor, the burden is on the plaintiff to prove such fact. Lenig v. Eisenhart, 127 Pa. St., 59; Vanormer v. Hornberger, 142 Pa. St., 579; Insurance Co. v. Insurance Co., 1 So. Rep., 651; 3 Am. and Eng. Enc. of Law, 2 ed., p. 958.

According to some decisions A. P. Dyke could have sued in his own name for the full amount of the policy, even if he had in fact not been a creditor. Insurance Co. v. Foster, 90 Ill., 121.

Under the decisions of our State, if his interest was less than the full amount of the policy, he still had a right to sue the company and recover to the extent of that interest. Insurance Co. v. Leaverton, 33 S. W. Rep., 579.

BROWN, ASSOCIATE JUSTICE.—As administratrix of the estate of W. L. Andrews, deceased, L. W. Andrews prosecuted this suit in the District Court of McLennan County against the Union Central Life Insurance Company and one A. P. Dyke, to recover the amount of a policy upon the life of W. L. Andrews. The petition alleged that the policy of insurance was the only property that belonged to the estate of W. L. Andrews, deceased, and that the probate court of McLennan County

had made an allowance to the widow and minor children of the deceased for the sum of $4000 in lieu of homestead and other exemptions to be paid out of the proceeds of this policy.

A. P. Dyke was a citizen of the State of Arkansas and nonresident of this State. He was served with a notice and copy of plaintiff's petition under the provisions of article 1230 of the Revised Statutes, but he made no appearance by answer or otherwise, and when the case was called for trial the plaintiff asked the court for judgment against Dyke by default, which was refused and a bill of exceptions taken.

The insurance company answered by a general demurrer, general denial, and a plea that it had paid the money to A. P. Dyke, to whom the policy was made payable upon its face.

The facts are undisputed and are in substance as follows: On March 2, 1891, the Union Central Life Insurance Company isued a policy on the life of W. L. Andrews for the sum of $5000, which contained the following clause: "Upon the death of the insured (W. L. Andrews), the company agrees to pay said amount of insurance to A. P. Dyke, creditor, as his interest may appear; otherwise, executors or assigns of the insured." The record does not show when W. L. Andrews died, but the probate court of McLennan County appointed an administratrix upon his estate and entered an order stating that the estate was insolvent, and setting apart out of the policy in suit, when collected, the sum of $4000 for the widow and minor children of W. L. Andrews, in lieu of the homestead and other exemptions.

The judge of the District Court instructed the jury to find a verdict for the defendants, which was done, and judgment was entered thereon accordingly. The Court of Civil Appeals affirmed the judgment of the District Court.

The petition does not allege that the defendant Dyke claimed any interest in the policy sued upon. No cause of action was shown against him, and the District Court did not err in refusing to enter the judgment by default.

The Court of Civil Appeals held that the burden of proof rested upon the plaintiff to show that Dyke was not a creditor of W. L. Andrews at the death of the latter. In this ruling, that honorable court erred. If the words, "as his interest may appear, otherwise, to the executors, administrators, or assigns of the insured," had been omitted, then, if Dyke had collected the money, he could not retain more than the insured was indebted to him at the time of the latter's decease, but would hold the balance as trustee for the heirs of Andrews. Lewy v. Gilliard. 76 Texas, 400; Goldbaum v. Blum, 79 Texas, 638.

If Dyke had sued the insurance company upon the policy, he could not have recovered without proving the fact that the insured was indebted to him at the time of his death and the amount of such indebtedness. The phrase, "as his interest may appear," made it doubtful whether Dyke had an interest, and, if so, the amount of it. It was therefore the subject of proof. In the case of Dakin v. Insurance Company,

77 New York, 600, a similar phrase was under examination, and that court said: "Where the clause expressive of doubt shows that the uncertainty is as to the person who is to have the benefit of the contract, who the person is may be proven. Where it is as to the interest which is to be protected, what the interest is may be proven, and what is the extent, kind, or quality of it." In this case, the doubt is as to the existence of any interest as well as to the extent of that interest, and it therefore becomes the subject of proof. The language limits the right of Dyke to recover to the fact of his being a creditor, and also limits the right of recovery to the amount of the indebtedness. It therefore becomes affirmative matter upon which the right of recovery depends, and whoever seeks to sustain Dyke's claim must prove the existence of the debt as well as the amount of it.

In Maddox v. Summerlin, ante, p. 483, the following article of the Revised Statutes was the subject of construction: "Article 2545. Every gift, conveyance, assignment, transfer, or charge made by a debtor which is not upon consideration deemed valuable in law, shall be void as to prior creditors unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts." The question was upon whom the burden of proof devolved in a contest over a conveyance of the character named. It was claimed that the creditor who attacked a gift made by his debtor must prove that at the time the gift was made the debtor was not possessed of property within the State subject to execution sufficient to pay his existing debts. This court held that a party who sought the benefit of the facts which were required to *appear* must establish those facts. The language in the policy, "as his interest may appear," means to the extent that Dyke may show himself entitled as creditor to the money secured by the policy. If no interest in Dyke was shown, the right to collect the money was in the legal representative of the insured.

If Dyke were a party to this suit, he could not recover except to the extent that he should make it appear that he was a creditor of W. L. Andrews at the date of his death, and if the insurance company has paid the money to Dyke, then, to justify that payment, it devolves upon it to make the same proof that Dyke would be required to make if he were seeking to recover the fund. We hold that the burden of proof in this case rests upon the insurance company to establish the fact that Dyke was a creditor of W. L. Andrews at the death of the latter and the amount of that indebtedness.

The plaintiff claims that if Dyke was in fact a creditor of the deceased to the extent of the amount named in the policy, then she is entitled to recover, because the estate was insolvent and there was no homestead or other exempted property which the court could set apart to the widow and minor children and no property or funds out of which they could be furnished a year's support, and that the order of the probate court setting apart the fund to be derived from the collection of this policy to the widow and children gives a prior claim to that of

the creditor.    The petition alleges that Dyke, if a creditor at all, held the policy as collateral security for his debt.

If it be agreed that the policy was in Dyke's hands as collateral to secure the indebtedness to him, then he had the right to collect it and apply the proceeds to the payment of his debt, and his claim was superior to that of the plaintiff and her children.    Huyler v. Dahoney, 48 Texas, 234; Williams v. Lumpkin, 74 Texas, 601.

Under the terms of the policy, if Dkye was a creditor of W. L. Andrews at his death, then to the extent of that indebtedness the policy never became payable to the executors or administrators of Andrews, and the fund never became the property of the estate.    It was therefore not subject to the jurisdiction of the probate court, and the order made with reference to it could not affect the rights of Dyke or the insurance company in case the latter has paid the debt.

The judge of the District Court erred in instructing the jury to return a verdict for the defendant, for which error the judgments of the District Court and the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*