## A. H. PEACOCK ET UX. v. C. C. CUMMINGS.

Decided February 6, 1904.

**1.—Deed of Trust—Appointment of Substitute Trustee by Foreign Administratrix.**

A deed of trust with power of sale provided that should the trustee for any reason fail or refuse to act, the cestui que trust or the legal owner and holder of the note secured might appoint a substitute who should have all the powers granted to the original trustee. Both the trustee and the certui que trust died, and an administratrix upon their estates was duly appointed by the probate court of another State. Held, that the administratrix, as the legal owner and holder of the note, could appoint a substitute trustee, although no administration had been taken out here.

**2.—Same—Limitations—Injunction.**

In an action to enjoin the substitute trustee from selling, on the ground that the property was homestead and that the foreign administratrix had no power to appoint a substitute trustee in this State, the question of limitation against the note was not material.

Appeal from the District Court of Tarrant. Tried below before Hon. Irby Dunklin.

*Morris & Crow,* for appellants.

*C. C. Cummings,* for appellee.

SPEER, ASSOCIATE JUSTICE.—On December 12, 1887, appellants, A. H. Peacock and M. B. Peacock, husband and wife, executed and delivered to H. C. Bohon, trustee, a certain deed of trust on a certain lot in the city of Fort Worth, Texas, to secure V. A. Bohon in the payment of a note of that date for the sum of $2086.89, due one day after date, with interest at the rate of 8 per cent per annum. Said trust deed authorized the sale of said premises in case said note should not be paid according to the terms of the trust set forth in said deed; and further provided in case said note should not be paid, and H. C. Bohon should for any reason fail or refuse to act, that V. A. Bohon, or the legal owner and holder of said note, might appoint a substitute in writing, with all the powers granted to said original trustee. H. C. Bohon and V. A. Bohon died, and Sallie Bohon was appointed administratrix upon their estates by the probate court of Mercer County, Kentucky, where the Bohons lived. On October 25, 1902, the administratrix duly appointed C. C. Cummings substitute trustee, and he proceeded at once to advertise said lot for sale, in the manner pointed out by such instrument. Appellants instituted this suit to enjoin the sale by the substitute trustee, the principal contention being that the property in controversy was their homestead, and that the foreign administratrix had no power to appoint the substitute trustee in this State, since no species of administration had been taken out in this State.

It may be, under the authorities, that such foreign administratrix could not maintain a suit in this State under these facts, but that she, as the legal holder of the note and deed of trust in question, has the

right to designate a substitute trustee, according to the terms of the latter instrument, who will have the authority to sell the land mortgaged, we have no doubt. The appellee may exercise this power, not as assignee of the note, but as substitute trustee according to the plain contract of the parties to the trust instrument.

The trial court's judgment dissolving the writ of injunction and dismissing the appellee imports a finding that the note involved has not been paid off, and that the property in question was not the homestead of appellants at the time of the execution of the trust deed, and we therefore so find.

The question of limitation can not be material, since the appellee only seeks to exercise the power conferred in the deed of trust by selling the mortgaged property, and this is in no sense a suit upon a barred note.

No error is assigned which calls for a reversal of the judgment, and it is therefore in all things affirmed.

*Affirmed.*

Writ of error refused.