HARDE v. GERMANIA LIFE INS. CO. et al.

(Court of Civil Appeals of Texas. El Paso. Jan. 24, 1913. Rehearing Denied Feb. 19, 1913.)

1. PLEADING (§ 416*)—RULINGS ON PLEADINGS—WAIVER—AGREED FACTS.

Error in overruling demurrers to the petition are waived by the parties submitting the cause on an agreed statement of facts.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1397–1400; Dec. Dig. § 416.*]

2. INSURANCE (§ 593*)—LIFE POLICY—TRANSFER TO CREDITOR—CREDITOR'S RIGHTS.

Transfer of a life insurance policy by a debtor to his creditor having no other insurable interest in his life, without reference to the form of such transfer, operates as a mortgage to secure the debt, interest, and premiums paid by the creditor to continue the insurance, with interest, such being the extent of the interest which the creditor can acquire in the policy, but to that extent the transfer is valid.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1452, 1476–1478, 1481, 1482, 1485; Dec. Dig. § 593.*]

3. LIMITATION OF ACTIONS (§ 46*)—LIFE POLICY—ASSIGNMENT—SECURITY FOR DEBT—LIMITATIONS.

Where a debtor assigned a life policy to his creditor, who had no other insurable interest in his life, and, being unable to pay the debt, transferred the policy to the creditor in full payment, the creditor became subrogated to an interest in the policy equal to the indebtedness, interest, etc., which was payable only when the policy became a claim by the death of the insured; and hence limitations did not begin to run against the creditor's claim until that date.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 240–253; Dec. Dig. § 46.*]

4. LIMITATION OF ACTIONS (§ 167*)—DEFENSE OF LIMITATION—RIGHT TO PLEAD.

Under the rule that a debtor who has pledged property to secure a debt cannot recover its possession, though limitations had run against the debt, until he tenders the amount unpaid, the beneficiary of a life insurance policy, transferred by the insured to his creditor in payment of the debt, could not plead limitations against the debt as a defense to the creditor's right to recover an amount equal to the debt and interest, etc., on the insured's death, without first tendering the debt, interest, etc.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 651–653; Dec. Dig. § 167.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by J. S. Rice, as trustee in bankruptcy of the estate of T. W. House, against the Germania Life Insurance Company, which paid the money into court and impleaded Emma Harde, who claimed the policy. From a judgment awarding the fund to Andrew Dow and others, assignees of all the rights of the plaintiff, Rice, Mrs. Harde appeals. Affirmed.

Fisher, Sears & Campbell, of Houston, for appellant. E. P. & O. K. Hamblen, Lane, Wolters & Storey, and Baker, Botts, Parker & Garwood, all of Houston, for appellees.

McKENZIE, J. This suit was instituted by J. S. Rice, as trustee of the estate of T. W. House, bankrupt, against the Germania Life Insurance Company to recover upon a $5,000 life policy issued to Louis Harde. The insurance company answered, admitting liability to the extent of $5,000 upon the policy, and tendered the amount into court, and prayed that Emma Harde, who had qualified as independent executrix under the will of Louis Harde, and was claiming the amount due under the policy and had made demand for such payment, be made a party to the suit, and that the sum so tendered into court be paid to the party entitled thereto.

Emma Harde filed her answer, setting up her claim to the amount due under the policy as executrix of the estate of Louis Harde and individually; she being the wife of the said Louis Harde.

Andrew Dow, Henry Albrecht, and Kate Scanlan intervened in the suit, and by permission of the court were substituted for the plaintiff, J. S. Rice, the trustee, alleging in their petition for intervention that they had acquired all the rights of the said trustee, and that they adopted the pleadings of the trustee in said suit.

A trial by jury was waived, and the cause was submitted to the court upon an agreed statement of facts, made out and signed by counsel for the respective parties, in accordance with the statute. The agreed facts are as follows:

"It is agreed by and between the undersigned interested parties to this suit, through their respective attorneys of record, that the following facts are true, and that proof thereof is hereby waived, and this agreement may be read in evidence and entered in the record in said cause as establishing such facts, to wit:

"(1) That Louis Harde, the person who applied for and to whom was issued policy No. 21709 by the Germania Life Insurance Company, as the same is described and referred to in plaintiff's original petition herein, died in the city of Houston, Harris county, Texas, in April, 1908, testate, and by his will left his wife, Mrs. Emma Harde, sole devisee and legatee of his property and estate and, as such, independent executrix without bond of his will and estate.

"(2) That the will of the said Louis Harde has been duly probated in the probate court of Harris county, Texas, and that said Mrs. Emma Harde has qualified as the executrix under such will, and is now the duly qualified and acting independent executrix of the estate and will of said Louis Harde, deceased.

"(3) That the said Louis Harde was not related to T. W. House by either consanguinity or affinity, and the said T. W. House was not in any way dependent upon the said Louis Harde for support, and was not the adopted child of the said Louis Harde.

"(4) That for many years prior to and up to October 17, 1907, T. W. House was engaged in the banking business in the city of Houston, Harris county, Texas, conducting a private bank as sole owner thereof.

"(5) That on September 27, 1895, said Louis Harde borrowed $2,000 from said T. W. House, and executed and delivered his note therefor to said House, together with the insurance policy involved in this suit, as security for such debt, to effectuate which said Harde indorsed said policy as follows:

"'Endorsements.

"'Houston, Texas, September 27, 1895.

"'I hereby assign and transfer the within policy to T. W. House as collateral security for a loan made me this day for $2,000.00 as is evidenced by my note to him for said loan, for value received.

"'[Signed]　Louis Harde.

"'Witness:　S. M. McAshan.　R. H. Cabaniss.'

"(6) That said Harde thereafter continued indebted to said House on account of loans in increasing amounts until same reached the total hereinafter stated on the date hereinafter mentioned.

"(7) That as holder of said policy as security for such indebtedness said House paid to said insurance company, on the dates and up to the date hereinafter set forth, the following amounts as premiums on said policy of insurance, being the amounts necessary to preserve and keep said policy in force, and paid same at the request of said Harde and

for the protection of said House in said indebtedness, to wit: July 28, 1900, $139.28; July 6, 1901, $138.58; July 5, 1902, $137.22; July 2, 1903, $136.34; July 6, 1904, $135.71; July 6, 1905, $133.08.

"(8) That on September 16, 1905, said Harde was indebted to said House on account of such loans (exclusive of such premiums paid) in the sum of $4,977.50, evidenced by two notes of said Harde to said House, to wit, one for $4,149.50, due June 10, 1903, and the other for $828, due September 9, 1905; that on said September 16, 1905, said $4,977.50 was fully owing by said Harde to said House, as well as said sums paid for premiums as above stated, making a total on said date of said notes and premiums for insurance (exclusive of interest) of the sum of $5,797.71.

"(9) That on September 16, 1905, said Harde not having paid said indebtedness due said House, he assigned said insurance policy to said House, in consideration of said House canceling and surrendering said notes to said Harde, and assigned said policy by the following written assignment thereof, to wit:

" 'For $1.00 to me in hand paid and for other valuable considerations, the receipt of which is hereby acknowledged, I hereby assign, transfer and set over all my right, title and interest in policy No. 21709 on the life of Louis Harde of Houston, Harris county, Texas, issued by the Germania Life Insurance Company, and all money which may be payable under the same to Thomas William House, of 203 Main street, Houston, Harris county, Texas, and for the consideration above expressed I do also, for my heirs, executors and administrators, guarantee the validity and sufficiency of the foregoing assignment to the above-named assignee, his successors, administrators and assigns, and their title to said property will forever warrant and defend. In witness whereof I have hereunto set my hand and seal at Houston, Texas, this the 16th day of September, 1905. [Signed] Louis Harde, in presence of [Signed] A. S. Dyer.

" 'State of Texas, County of Harris:

" 'On this ―――― day of September, in the year 1905, before me personally came Louis Harde, to me known to be the individual described in and who executed the foregoing instrument, and he acknowledged that he executed the same for the purposes therein mentioned.

" '[Signed] E. N. Mills, Notary Public, in and for Harris County, Texas.

" 'My time of office expires June 1, 1907.'

"And said House thereupon canceled and surrendered to said Harde said two notes, together with stock that had been placed by Harde with House as collateral security for said $828 note, and closed out the account of said Harde upon the books of said House

with an entry to the effect that said notes had been 'paid'; and said House opened an account on his books entitled 'Louis Harde Insurance Account,' to which account were charged the premiums paid by said House on said policy of insurance, and in which account this entry was made, dated September 16, 1905, 'Note and interest, $4,977.50,' on the debit side thereof.

"(10) That said House thereafter paid the following premiums on said policy at the dates stated hereinafter, same being necessary to preserve and keep said policy in force, to wit: July 6, 1906, $132.41; July 5, 1907, $131.73—which were charged up to said 'Louis Harde Insurance Account' on the books of said House.

"(11) That on October 17, 1907, said T. W. House was adjudged a bankrupt by the United States District Court in and for the Southern District of Texas, at Houston, and J. S. Rice, W. B. Chew, and William D. Cleveland were duly and legally appointed by said court, on December 16, 1907, as trustees of the estate of T. W. House, bankrupt, and qualified as such according to law; that thereafter, on December 17, 1907, said Chew and Cleveland resigned as such trustees, and said Rice continued as the sole duly appointed, qualified, and acting trustee of said estate, vested with all the rights, titles, claims, equities, interests, and assets of said T. W. House, and especially of any rights, title, or claim said House had in and to said policy of insurance.

"(12) That after said Rice had taken charge of the estate of T. W. House, bankrupt, as trustee thereof, said Harde called at the office of said trustee, and stated that he understood said trustee intended to sue him on account of the indebtedness that he had theretofore incurred to said House, and objected thereto, because of his understanding that such indebtedness was wiped out by his absolute assignment of said policy to said House; that said Harde was thereupon informed by said trustee's office that suit would not be brought against him, on account of the fact that it was the understanding of said trustee from such transaction between House and Harde that said policy had been absolutely assigned to House in cancellation of said indebtedness; and said trustee filed no suit against Harde, and made no claim against him.

"(13) That in April, 1908, said Harde died, and said trustee in due time gave proper notice and proof of death to said insurance company, and performed all requirements to collect said policy, and said company accepted same, but declined to pay said policy because of the claim made thereon by the executrix of the said Harde estate, named above; and said J. S. Rice, trustee, thereupon filed this suit thereon.

"(14) That Andrew Dow, Henry Albrecht, and Kate Scanlan, for a valuable considera-

tion paid, duly, legally, and properly acquired all the rights, titles, and interests, claims, equities, and assets, of said estate of T. W. House, bankrupt, so vested in said trustee, and especially of said claim on said insurance policy, and now own and hold same, and are entitled to whatever claim, right, and property in and to said policy and the proceeds thereof that said T. W. House or said trustee would have been entitled to.

"(15) That the indebtedness owing by Harde to House, mentioned above, was never paid, satisfied, or discharged, other than by the assignment of said insurance policy by Harde to House, as set forth above."

Upon the trial the court rendered judgment for the appellees for the sum of $5,000, from which judgment the appeal is taken.

[1] Appellant's first assignment of error, which refers to the overruling of demurrers to the petition, need not be considered, for the reason that when the parties submitted the cause to the trial court upon an agreed statement of facts the issues in regard to the pleadings were abandoned. Thaison v. Sanchez, 13 Tex. Civ. App. 73, 35 S. W. 478; Scott v. Slaughter, 97 Tex. 244, 77 S. W. 949.

By the fourth assignment of error appellant contends that the trial court erred in rendering judgment for appellees, because the assignment of the policy was void as being against public policy.

[2] Our Supreme Court, in Cawthon v. Perry, 76 Tex. 383, 13 S. W. 268, approved the trial court's conclusion of law in construing an instrument identical with the one set out in the agreed facts. The language used by the trial court in its conclusion of law is as follows: "A creditor, by the transfer to him of a policy on the life of his debtor, can acquire no greater interest in the policy than such sum as will pay his debt and interest, and premiums paid by him and interest. The instrument of transfer to a creditor, no matter what form it assumes, must be construed either as a mortgage to secure his debt and interest, and premiums paid by him and interest, or construed as a transfer of such part of the insurance money as will pay him his debt and interest, and the premiums paid by him and interest. A construction of the instrument of transfer which would give the creditor any more would be against public policy, in that it would make him interested in the speedy termination of the life of the assured, and at the same time would be a mere speculation on the chances of life."

In Manhattan Life Ins. Co. v. Cohen, 139 S. W. 51, it is said: "In this state an assignment of such a policy to one without an insurable interest is regarded as valid only to the extent of reimbursing the assignee for amount paid out by him, with interest. If the assignee has paid out nothing for which he is in equity entitled to be reimbursed, the assignment is void; but if he has, because of the benefit received by the beneficiary, or the estate of the insured, the assignee is allowed such 'reimbursement, and the balance of the insurance money goes to the estate or the beneficiary. The grounds for holding the assignment void, except for the purpose of reimbursing the assignee, is that such transaction is a mere gambling contract, and that it is against public policy to create an interest in the early death of the insured on the part of one having no corresponding interest in his life, which is the case where the policy is assigned for an amount less than its face value."

In Coleman v. Anderson, 82 S. W. 1057, it is held that the policy, even before death of the insured, is a chose in action, and as such may be assigned as collateral security for a debt or obligation, and the one to whom it is assigned has a lien on the policy, pledged to secure the payment of the indebtedness; and the assignee cannot be deprived of the possession of the policy until the debt, principal, and interest, for which it is pledged, is fully paid off and discharged.

From the authorities it appears that, the policy as assigned by Harde to House, and the rights of House under it, having passed by successive assignments to appellees, that such assignment, to the extent of the indebtedness, is valid. Coleman v. Anderson, 98 Tex. 570, 86 S. W. 730. We therefore overrule the assignment of error.

By the fifth assignment of error appellant contends that the trial court erred in rendering judgment for appellees, because House had no insurable interest in the life of Harde other than as a creditor, and the assignment of the policy was void, except as security for the debt; and, the debt having been barred by limitation at the time of the institution of the suit, House and his assigns were not entitled to a foreclosure of the lien upon the policy, or the proceeds thereof, as against the appellant.

[3] Under the facts as agreed to, we do not think it could be contended that appellees are seeking to foreclose a lien upon the policy, or the proceeds thereof. We are of the opinion that the assignment, which was accompanied by the delivery of the policy by Harde to House, was made for the purpose of paying the debt which was owing by Harde to House, and at the same time, if the assignment of the policy was in payment of the debt, House thereby became subrogated to such an interest in the policy as was equal to the indebtedness. This interest in the policy became payable to House only when the policy became payable; and the original indebtedness having been merged into the policy and becoming a part thereof, which could only be paid when the policy was payable, it would follow that limitation would not run against the original indebtedness. Limitation would commence to run only after the cause of action accrued upon

the policy. By the agreed facts House had paid a number of the premiums, without which payments, no doubt, the policy would have lapsed. It is our opinion, therefore, the proceeds, to the extent of House's claim or interest in said policy, became no part of the estate, and his rights, to that extent, were superior to those of Mrs. Harde, either as executrix or as an individual. Andrews v. Union Central Life Ins. Co., 92 Tex. 584, 50 S. W. 572; Stevens v. Germania Life Ins. Co., 26 Tex. Civ. App. 156, 62 S. W. 824.

[4] We think, also, that the weight of authority is to the effect that, even though the original debt by the transaction was not merged in the policy, the plea of limitation, being one affecting the remedy only, could not be urged as a bar to the appellant's rights to recover of the insurance company the amount due them. The debtor, who has pledged property to secure a debt, cannot recover its possession, though limitation has run against the debt, until he tenders the amount unpaid on the debt. Hudson v. Wilkinson, 61 Tex. 606; Mott v. Maris, 29 S. W. 825; Peacock v. Cummings, 34 Tex. Civ. App. 431, 78 S. W. 1002; Brinkerhoff v. Goree, 35 Tex. Civ. App. 277, 79 S. W. 592. The authorities hold that until the payment of the debt secured thereby the appellant has no title to the policy, and the fact that the remedy to recover the debt was barred by limitation, did not in any manner destroy the debt itself; nor does it prevent the holders of the policy from enforcing their rights thereunder. Conway v. Caswell, 121 Ga. 254, 48 S. E. 956, 2 Ann. Cas. 269; Townsend v. Tyndale, 165 Mass. 293, 43 N. E. 107, 52 Am. St. Rep. 513. For the reasons indicated, the fifth assignment of error is overruled.

It is our opinion that the trial court properly held that the appellees should recover the amount due on the policy, because the debt for which the policy was assigned was greater than the amount due under the policy; and, not finding any reversible error, the judgment of the trial court is in all things affirmed.

Affirmed.