GAMEL et al. v. CITY NAT. BANK OF COL-
ORADO, TEX.　(No. 428–3849.)*

(Commission of Appeals of Texas, Section B.
Feb. 27, 1924.)

1. Judgment ⬥112—What admitted by de-
fault judgment stated.

A default judgment admits all that was
pleaded in plaintiff's petition, but does not ad-
mit that the facts pleaded entitled plaintiff to
recover, unless sufficient facts were alleged to
constitute a cause of action against defendant.

2. Husband and wife ⬥229(3)—What petition
must show to authorize judgment against
married woman under statute stated.

Where a petition on a note shows that one
of the defendants was a married woman, it is
necessary, to state a cause of action against
her, to disclose that the debt was contracted
for the benefit of her separate property or some
other fact that would authorize a judgment
against a married woman under the statutes.

3. Husband and wife ⬥238(1)—Default judg-
ment in action in which coverture of female
defendant neither pleaded nor disclosed binds
her.

Where a petition on a note signed by a
husband and wife did not show that the wife
was under coverture, and coverture was not
pleaded, a default judgment bound the wife.

Error to Court of Civil Appeals of Eighth
Supreme Judicial District.

Suit by E. B. Gamel and Mrs. I. L. Gamel
against City National Bank of Colorado,
Tex., in the nature of a common-law writ
of error coram nobis, to set aside a judg-
ment, consolidated with a suit by defend-
ant against E. B. Gamel and others. Judg-
ment in favor of Mrs. I. L. Gamel in the
first mentioned suit and against the Bank
in the last mentioned suit was reversed by
the Court of Civil Appeals (241 S. W. 735),
and E. B. Gamel and Mrs. I. L. Gamel bring
error. Affirmed.

Chas. L. Black, of Austin, and Hickman &
Morrow, of Dublin, for plaintiffs in error.

Royal G. Smith, of El Paso, Thomas R.
Smith, of Colorado, Tex., and Moore &
Smith, of El Paso, for defendant in error.

HAMILTON, J. This suit, No. 3755 in the
district court of Mitchell county, was
brought by Mrs. I. L. Gamel, joined pro
forma by her husband, E. B. Gamel, as a
proceeding in the nature of the common-law
writ of error coram nobis, for the purpose
of setting aside a judgment previously ren-
dered by the same court in cause No. 3671,
alleging that the judgment sought to be set
aside was rendered by the court without
knowledge of the fact that one of the par-
ties defendant was a married woman; that,
had the court known that fact, it would not
have rendered the judgment; and that, for
these reasons, the judgment is void or void-
able, and subject to be opened, reconsider-
ed, and set aside.

The judgment attacked was taken by the
defendant in error against E. B. and I. L.
Gamel, in cause No. 3671, district court of
Mitchell county, on November 20, 1917, in
a suit on a promissory note dated April 28,
1913, due six months after date, signed E. B.
Gamel and I. L. Gamel. I. L. Gamel was
the wife of E. B. Gamel at the date of the
execution of the note. The petition in cause
No. 3671 did not disclose this fact. It did
not contain any averment that the note was
given for any indebtedness contracted by
the wife for the benefit of her separate
estate or for necessaries for herself or her
children. The plaintiff had actual knowl-
edge of the coverture of Mrs. Gamel and of
the fact that the note was not given for an
indebtedness incurred by the wife, or by
her authority, for the benefit of her separate
estate or for necessaries for herself or her
children. The judgment contained no re-
cital directing the issuance of execution and
levy thereof upon the separate estate of the
wife, but simply directed issuance of execu-
tion as though she were a man or a feme
sole, and under no disability. The note, in
fact, was given for an indebtedness incurred
by the husband to the bank in carrying on
the buying and selling of cotton prior to the
execution of the note. Execution was is-
sued on the judgment January 17, 1918, in
due form, placed in the hands of the sheriff,
and was returned by him not executed, be-
cause no property was found belonging to
defendants subject to execution. The judg-
ment is wholly unsatisfied. Abstract of judg-
ment was issued November 22, 1917, and
was duly recorded in Mitchell, Erath, and
Commanche counties, so that, if the judg-
ment was valid, it was sufficient to fix the
lien on real estate in each of said counties.
Mrs. I. L. Gamel thereafter inherited real
estate in each of said counties from her
mother. These facts are agreed to by the
parties.

Before the suit attacking the judgment,
No. 3755, was filed, the City National Bank
of Colorado, Tex., brought suit against E. B.
Gamel and wife, I. L. Gamel, M. I. Thomas,
J. R. Johnson, Charles Parks, H. L. Knight,
Charles Denny, and Henry Wittmer, the
number of said suit being No. 3743, district
court of Mitchell county, to foreclose the
lien fixed by recording the abstract of judg-
ment, as shown above, the petition alleging
that Mrs. I. L. Gamel had afterwards in-
herited the lands, above noted, on which the
lien was sought to be foreclosed, and that
the other defendants purchased from her
with notice, etc. The defendants, Gamel and
wife, Thomas, and Johnson, in suit No. 3743,
specially pleaded that the judgment in cause

No. 3671, which was the basis of the lien, was invalid as to I. L. Gamel, because, at the time of the execution of the note, which was the subject-matter and basis of that suit, at the time of the filing of the suit, and at the time of the rendition of the judgment, said I. L. Gamel was a married woman, the wife of the defendant E. B. Gamel; that the note was not given for the benefit of her separate estate, or for necessaries for herself and children, but was executed by her as surety for her husband on his personal debt incurred in the cotton business; that plaintiff knew all of said facts, but did not plead any of them, nor in any way bring them to the attention of the trial court; that therefore the court was without power in that cause to render a personal judgment against I. L. Gamel.

Suits Nos. 3755 and 3743 were consolidated by agreement of the parties, and were tried before the court without a jury. Judgment was rendered in favor of Mrs. I. L. Gamel in No. 3755, against the bank in No. 3743, vacating the original judgment, and as to Mrs. I. L. Gamel, personally, canceling the liens on her separate estate.

The Court of Civil Appeals reversed the judgment of the district court, and rendered judgment in favor of the City National Bank of Colorado, Texas, 241 S. W. 735.

Petition for writ of error by E. B. Gamel and his wife, I. L. Gamel, was "granted because of apparent conflict with Shaw v. Proctor (Tex. Civ. App.) 193 S. W. 1104."

Fred J. Proctor and his wife, Nettie Temple Proctor, brought that suit in the county court at law of Dallas county to vacate and set aside as to Nettie Temple Proctor a judgment rendered against her and others in the same court in cause No. 20340, in a suit on a note signed by her and her son, Louis Proctor, while she was the wife of Fred J. Proctor, without the joinder, consent or knowledge of her husband. The note was not given for the benefit of her separate estate, nor for necessaries for herself and children, but was executed to accommodate her son in a business transaction. The note was transferred to an innocent purchaser who knew nothing of Nettie Proctor's being a married woman. The plaintiff in the suit thereon never knew of her being married, and supposed she was not married. She settled all bills, made all purchases, and deposited money sent her by her husband in her own name. She answered in said suit, and was represented by an attorney, but coverture was not pleaded by her. Her husband stayed out West with his daughter, coming to Dallas occasionally. They were not divorced or separated.

The Court of Civil Appeals held in that case that the note, being signed by the wife without joinder of the husband, was a nullity, and that she could not be legally bound thereon; that the judgment being founded on a note executed by the wife, and not authorized or consented to by the husband, and being not for a debt authorized by the statute, the trial court was not empowered to render judgment against the wife thereon, and that said judgment was not enforceable against the property of herself and husband. That court reversed the judgment of the trial court which held the judgment in cause No. 20340 binding as to Nettie Proctor, and rendered judgment setting aside the judgment in cause No. 20340 in so far as it affected Nettie Proctor.

The matters of similarity in the instant case and the Proctor Case, supra, are that in neither case was the note given for a debt incurred for the benefit of the wife's separate estate or for necessaries for herself and her children, nor in either case was the coverture of the wife made to appear. The points of dissimilarity in the two cases are that in the instant case the husband joined the wife in the execution of the note, and judgment was by default, while in the Proctor Case the husband did not join the wife in the execution of the note, and the wife appeared in the trial of the case.

The holdings of the Court of Civil Appeals in the Proctor Case have been set out above. The holdings of the Court of Civil Appeals, upon which it based its judgment, in the instant case are that one seeking to set aside a judgment against himself must allege and prove facts showing that he was prevented from making a proper defense to the former action by fraud, accident, or act of the opposing party, without fault or negligence on his part; that no such showing was made in this case; that the presumption is that the facts were in evidence to authorize the judgment; that the wife having been joined by her husband upon the obligation sued on, and both having been sued jointly, and proper service had, she had her day in court; and that, consequently, she could not avoid the consequences of the decree of the court without proving that she was prevented from making her defense under the first holding noted above.

In the instant case the Court of Civil Appeals made no holdings upon the question whether the note was a nullity or not; none on whether the wife could be legally bound thereon or not; none upon the question whether the court was empowered to render judgment against the wife thereon or not; and none upon the question whether the judgment independently of the default by which it was taken, would have been enforceable against the property of Mrs. Gamel and her husband.

The foundation of the judgment of the Court of Civil Appeals in the case under consideration lies in the fact that, after proper service on both the husband and wife, no answer setting up Mrs. Gamel's coverture was filed, and judgment was permitted to

be taken by default. Therefore it becomes necessary to consider the effect and operation of that judgment.

[1] A default judgment admits all that was pleaded in plaintiff's petition. It admits nothing more. It does not admit that the facts pleaded entitle the plaintiff to recover, unless sufficient facts are alleged to constitute a cause of action against the defendant. Andrews v. Union Central Life Insurance Co., 92 Tex. 584, 50 S. W. 572; Madison County v. Smith, 95 Ill. 328; Hayden v. Johnson, 59 Ga. 104; Johnson v. Pierce, 12 Ark. 599; Chaffin v. McFadden, 41 Ark. 42.

[2] If the petition had shown that I. L. Gamel was a married woman, it would have been necessary, in order to state a cause of action against her, that it also disclose that the debt was contracted for the benefit of her separate property or some other fact that would authorize a judgment against a married woman under our statutes. Milburn v. Walker, 11 Tex. 329, 342; Haynes v. Stovall, 23 Tex. 627; Trimble v. Miller, 24 Tex. 215; Covington v. Burleson, 28 Tex. 368; Rhodes v. Gibbs, 39 Tex. 432, 445; Red River National Bank v. Ferguson, 109 Tex. 295, 206 S. W. 923.

[3] Not so, however, when the petition does not show the defendant under coverture. In such a case coverture must be pleaded, or the default judgment binds the defendant, although she is under coverture. Of course, where the petition reveals that she is under coverture, there is no necessity to plead it, as such a plea would be merely a repetition of what already appears from the plaintiff's petition.

The petition in the instant case contained neither statement nor implication that I. L. Gamel was a married woman. In a suit actually against a married woman and her husband, but in which it does not appear that she is other than a man or a feme sole, if she fails to plead her coverture, default authorizes a judgment good and valid in every instance. In such a case the petition states a cause of action against the person named, without any averments as to source or cause or purpose of the expenditure represented by the debt. Taking the petition in this case, inspecting it from corner to corner, there is nothing within its compass suggesting to the court or to any one else that it fails to state a cause of action. It undoubtedly does state a cause of action against I. L. Gamel, and, there being no averment or showing of her coverture, there is no necessity for pleading more specifically. It was her duty, upon receiving the citation and before trial of the case, to plead her coverture. Otherwise she is bound by the judgment rendered.

"The authority conferred upon a married woman, to litigate in her own right, implies the capacity on her part to conduct the litigation as shall be most conducive to her own advantage. The law has conferred on her the right to litigate; and the right implies the capability. Otherwise the law should have provided a guardian or attorney ad litem to conduct her litigation for her. It is a consequence of her capacity to sue and to be sued in her own right that she must be held to the use of the ordinary diligence of other suitors, where she is not specially exempted by law from the use of such diligence." Cayce v. Powell, 20 Tex. 767, 771, 73 Am. Dec. 211.

If a judgment rendered on default in this case may be set aside by the means sought here, then every one hereafter dealing with a default judgment must first determine whether the defendant or one of the defendants is a married woman, and, if he finds a defendant in such judgment to be a married woman, then he must next examine the petition to ascertain whether it alleged a cause of action against a married woman, i. e., whether it contains allegations such as are required to state a cause of action against a married woman where her coverture is revealed by the petition. Under such a holding there would be not only no conclusiveness to judgments to which married women are parties, but no conclusiveness to any default judgment, because the defendant in any such judgment, so far as he who is dealing with it knows, might have been a married woman, and the petition on which that judgment is founded might not have stated such a cause of action against her as is required where her coverture is shown by the petition. It is settled by the courts of Texas that, after citation, where the petition does not state that the defendant is a married woman, and is feme covert, and states a good cause of action against her as a feme sole, she must plead her coverture, or be bound by a default judgment. Phelps v. Brackett, 24 Tex. 236; Caldwell v. Brown, 43 Tex. 216; Focke v. Sterling, 18 Tex. Civ. App. 8, 44 S. W. 611; Poe v. Hall (Tex. Civ. App.) 241 S. W. 708.

When coverture of the wife is not pleaded in avoidance of the plea of limitation set up against her, evidence of that coverture, admitted without objection, cannot be considered by the jury. Harvey v. Cummings, 68 Tex. 599, 607, 5 S. W. 513. In Hamlett v. Coates (Tex. Civ. App.) 182 S. W. 1144, the Court of Civil Appeals for the Fifth district held that a judgment in trespass to try title, taken against a wife, sued as a feme sole, who did not plead her coverture, in its operation and effect was the same as if rendered against a feme sole. In Bethel v. Durall (Ky.) 61 S. W. 699, it is held that a personal judgment against a married woman, when coverture is not pleaded as a defense, is as binding as a judgment against one not laboring under the disability of coverture. Likewise, in Von Schrader v.

Taylor, 7 Mo. App. 361, it is held that, where a woman is made a defendant as a feme sole and coverture with her codefendant was not disclosed by plea or in any other manner in the record, and the fact appeared only in evidence, and no motion in arrest was filed, personal judgment against the wife was not erroneous. So, in Vosburgh v. Brown, 66 Barb. (N. Y.) 421, it is held that when, in an action at law for the recovery of money against a married woman having a separate estate and conducting business on her own separate account, her coverture is not set up as a defense, an ordinary money judgment is .in proper form. For these reasons, we think the trial court in cause No. 3671 properly rendered judgment against I. L. Gamel; and that the trial court in this suit erred in setting the judgment aside.

Therefore we recommend that the judgment of the Court of Civil Appeals reversing the trial court in this cause be affirmed.

STAYTON, J., not sitting.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will. be entered as the judgment of the Supreme Court.