Court of Civil Appeals of Texas. Dallas.
Feb. 8, 1936.

Rehearing Denied March 7, 1936.

Juergens & Jones and George C. Cochran, all of Dallas, for appellant.

Read, Lowrance & Bates and W. J. Rutledge, Jr., all of Dallas, for appellees.

LOONEY, Justice.

The Capitol Life Insurance Company, admitting liability on its policy issued June 9, 1925, insuring the life of Walter A. Burnett in the sum of $10,000, and paying that amount into the registry of court, interpleaded the Central National Bank in Dallas and C. J. O'Connor, liquidating agent for both the Central National Bank in Dallas and the Central Trust & Savings Bank (corporations); also the First National Bank in Dallas, a corporation, and Mrs. Zudie Burnett, widow of the deceased.

The material allegations of plaintiff's petition are: That on December 23, 1930, W. A. Burnett, the insured, assigned the policy in question and all benefits thereunder to C. J. O'Connor, liquidating agent of the Central National Bank in Dallas and the Central Trust & Savings Bank, and that by virtue of said instrument these parties are claiming the proceeds of the policy of insurance; that after the assignment, as above stated, W. A. Burnett married Zudie Burnett, who,

as widow and sole heir at law of deceased, is claiming the proceeds of the policy, and that the First National Bank in Dallas is also claiming said fund as temporary administrator of the estate of the deceased; wherefore, plaintiff prayed the court to determine to whom the fund belonged and for the allowance of a reasonable attorney fee, costs, etc.

The defendants, Central National Bank in Dallas and C. J. O'Connor, liquidating agent of said bank, and the Central Trust & Savings Bank, filed a joint answer, alleging in substance that the Central National Bank in Dallas was sole owner and entitled to the proceeds of the policy in question, under the assignment heretofore mentioned (fully set out hereafter), praying for judgment, directing payment of said fund to the Central National Bank in Dallas, etc. Mrs. Zudie Burnett, widow and only heir at law of deceased, claimed the fund on grounds substantially as follows: That the assignment of the policy by the insured to C. J. O'Connor and the two banks, under which the Central National Bank in Dallas claimed the fund, is illegal, void, and against public policy, in that the transferees had no insurable interest in the life of W. A. Burnett; that if either of the banks or O'Connor, their liquidating agent, ever held a debt against the deceased, the same was satisfied and extinguished by the terms of said assignment, and that, as such surviving widow and sole heir at law, she was entitled to the proceeds of said policy, hence prayed for judgment accordingly. The First National Bank in Dallas, temporary administrator, filed a disclaimer, praying that it be discharged with its costs, etc.

On trial without a jury, the court rendered judgment disposing of all parties; discharged the First National Bank in Dallas on its disclaimer, adjudged that Mrs. Zudie Burnett, widow and sole heir, take nothing, and that the Central Bank in Dallas recover the fund as against the other parties, less an attorney fee allowed plaintiff, to which judgment Mrs. Burnett excepted and in open court gave notice of and perfected this appeal.

We think the material contentions of appellants are reducible to the following: That the evidence was insufficient to show that deceased was indebted to either of said banks, or to O'Connor, their liquidating agent; that if any such indebtedness ever existed, the same was released and ceased

to exist, hence, as the transferees had no insurable interest in the life of deceased, the transfer was illegal, against public policy, and·void; therefore, the judgment of the court was and is erroneous, and should be set aside.

As recited in the judgment entry, the trial court found (with sufficient evidence to sustain the finding) that the Central National Bank, in Dallas, held valid· assignment of said insurance policy, and had an insurable interest in the life of Walter A. Burnett, deceased, for the full amount of said policy, hence was entitled to recover the proceeds of said policy in the sum of $10,000, then in the registry of court.

At the time W. A. Burnett executed the assignment (December 23, 1930) set out below, he was unmarried, the policy was payable to him, and by him had theretofore been delivered to the Central National Bank in Dallas. The assignment reads: "State of Texas, County of Dallas. Know all men by these presents: That I, W. A. Burnett, for a valuable consideration paid by C. J. O'Connor, Liquidating Agent of the Central National Bank and the Central Trust & Savings Bank, and for the purpose of securing said C. J. O'Connor, Liquidating Agent of the Central National Bank and the Central Trust & Savings Bank, or any other Liquidating Agent or representative of said two banks, for the indebtedness, which I owe said banks, and which is now in the aggregate of $10,000.00 or more, and which is to be a continuing obligation in favor of said banks and/or, their Liquidating Agents, do hereby transfer, assign, and convey unto the said C. J. O'Connor, Liquidating Agent as aforesaid, his successors, assigns and legal representatives a certain life insurance policy No. 63322 issued by the Capitol Life Insurance Company on the · life of the said W. A. Burnett for the sum of $10,000.00, and I hereby authorize and empower said C. J. O'Connor, Liquidating Agent as aforesaid, and/or, his successors and assigns to receive and collect the amount of said insurance policy on my life at the time of my death, or at any time prior to my death which said C. J. O'Connor, or his successors may desire, and to receipt for said insurance due under said policy, and to release and settle with said The Capitol Life Insurance Company for any amount which may be due under said policy; And I hereby agree and bind myself to pay the premium of $352.77 due annually on said policy during my natural life. It is understood and agreed that the in-

debtedness which I now owe said C. J. O'Connor, Liquidating Agent as aforesaid for said banks is more than $10,000.00, and same shall be a continuing obligation for the purpose of enabling said C. J. O'Connor, Liquidating Agent, his successors and assigns to collect said insurance due under said policy at any time, but said indebtedness shall not be a lien or claim or obligation against me personally, or against my estate, except the obligation for the·payment of the insurance premium on said policy as hereinabove set out. Witness my hand, this the 23rd day of December, 1930. (Signed) W. A. Burnett."

A very similar assignment of an insurance policy was involved in Harde v. Germania Life Insurance Co. (Tex.Civ.App.) 153 S.W. 666, 669. Among other contentions in that case was that the debt for the security or payment of which the assignment was made being barred by limitation at the time of trial, the transferee had no insurable interest in the life of Harde, the insured, hence the assignment was void. Replying to this contention, after citing and quoting a number of authorities in point, Judge McKenzie, speaking for the El Paso court, said: "We are of the opinion that the assignment, which was accompanied by the delivery of the policy by Harde to House, was made for the purpose of paying the debt which was owing by Harde to House, and at the same time, if the assignment of the policy was in payment of the debt, House thereby became subrogated to such an interest in the policy as was equal to the indebtedness. This interest in the policy became payable to House only when the policy became payable; and the original indebtedness having been merged into the policy and becoming·a part thereof, which could only be paid when the policy was payable, it would, follow that limitation would not run against the original indebtedness." To the same effect, see Schonfield v. Turner, 75 Tex. 324, 329, 12 S.W. 626, 627, 7 L.R.A. 189; Cawthon v. Perry, Adm'r, 76 Tex. 383, 13 S.W. 268. In Schonfield v. Turner, supra, Judge Henry, speaking for the Supreme Court, announced the following doctrine applicable to the facts of this case; he said: "It is contrary to public policy to allow any one not owning such insurable interest to become the owner, by assignment or otherwise, of insurance upon the life of a human being. A creditor of the assured may lawfully become the owner of such insurance to an extent requisite to protect him from ulti-

mate loss of his demand; and a purchaser or assignee of it will be recognized as having an interest in it sufficient to repay him the purchase or other money invested in it by him, including advancements, in the nature of dues, assessments, and premiums, to preserve and keep the insurance in force, with lawful interest thereon."

The insured having assigned the policy, as shown by the transfer quoted in extenso above, its proceeds never became a part of his estate; therefore, appellant as his widow and sole heir at law took no interest therein. See Andrews v. Union Central Life Ins. Co., 92 Tex. 584, 50 S.W. 572; Harde v. Germania Life Ins. Co., supra, 153 S.W. 666, at page 670.

We find no reversible error, therefore all assignments are overruled, and the judgment of the trial court is affirmed.

Affirmed.