## J. E. CAWTHON V. PRESTON PERRY, ADMINISTRATOR.

### No. 2817.

**Creditor Purchasing Insurance Policy of Debtor.** — A creditor purchasing policy of insurance upon the life of his debtor from him, upon the death of the debtor takes only his debt and the aggregate of premiums he has paid, with interest upon his debt and outlay.

APPEAL from Galveston.   Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*Hutcheson, Carrington & Sears,* for appellant. — 1.   A. H. Perry was indebted to J. E. Cawthon in the sum of $900, for securing which he deposited with Cawthon in 188—, a policy on his life of $10,000.   During 1886 Cawthon paid the premiums on this policy, and in April, 1887, Perry determined to sell this policy, offered it to various parties, and made several offers to sell to Cawthon, who finally, on June 8, 1887, took the policy for the debts on the importuning of Perry.

The policy was one which was worthless on the failure to pay one premium, and had no value except at the expiration of twenty years from its issue, which would be August, 1893, at which time it would be worth $1800 to $1900.   With a view to this period Perry had carried it, and Cawthon bought it with that value, reflected to him by Perry and his agent Willis. The yearly premiums were $203, which added to the $900 of debts would make the outlay of Cawthon equal to if not exceed the value in 1893, with reference to which he bought it.   On these facts the transaction of purchase was in good faith (which the court found), and for fully as much as the policy was worth (which the court also found), and on these two tests the appellant was entitled to recover.   Kline v. Grant, 9 Atl. Rep., 150; Cooper v. Schaefer, 11 Atl. Rep., 545; Appeal of Carsen, 6 Atl. Rep., 213.

2.   A creditor has an interest in the life of his debtor, and is licensed to become interested in a policy on his life, limited only to good faith and a fair ratio between the debt and the premiums to be paid on the one part and the amount of the policy on the other; and they will not be declared speculative or illegal unless taken out in utter disregard of these two requirements, both of which requirements are fully met and upheld in this case.   Schonfield v. Turner, 75 Texas, 324; Life Ins. Co. v. Shaefer, 94 U. S., 457; Life Ins. Co. v. France, 94 U. S., 565; Appeal of Carsen, 113 Pa. St.

3.   It makes no difference that the accident of death brings a profit to the purchaser, provided the original transaction was entered into in conformity with proposition second, nor that the debt ceased to exist, if it was in existence and formed the foundation of the transaction and dealing in reference to the policy; and a party insuring to secure a debt

can continue the policy in force and recover the amount thereof after the debt has been wholly paid.    Ins. Co. v. Schaefer, 94 U. S., 462; Dally v. Ins. Co., 15 C. B., 365; Ins. Co. v. Baily, 13 Wall., 619; Rowes v. Life Ins. Co., 27 N. Y., 289; Kline v. Grant, 9 Atl. Rep., 150; McKeen v. Ins. Co., 28 Mo., 383.

*Willie, Mott & Ballinger*, for appellee.—Cawthon, as purchaser of the policy from Perry, acquired in it an interest no greater than enough to repay him the purchase money and the advancements in the nature of premiums paid by him to keep the insurance in force, with lawful interest thereon; and it made no difference whether the purchase was made with money, property, or by the extinguishment of a debt due from Perry to Cawthon. Schonfield v. Turner, 75 Texas, 324; Price v. Knights of Honor, 68 Texas, 361–68; Warnock v. Davis, 104 U. S., 775; Page v. Burnstein, 102 U. S., 664; Cammack v. Lewis, 15 Wall., 643; May on Ins., sec. 398; Greenh. on Pub. Pol., 288; Basye v. Adams, 81 Ky., 368; Ins. Co. v. Sturges, 18 Kans., 93; Ins. Co. v. Hazzard, 41 Ind., 116; Ins. Co. v. Sefton, Id., 380.

HENRY, ASSOCIATE JUSTICE.—In the year 1873 the Equitable Life Assurance Society of the United States issued to Augustine H. Perry a policy of insurance upon his life for the sum of $10,000.

In the year 1887, Perry having kept the policy alive up to that time, and being then indebted to appellant in the sum of $900, he sold and delivered the policy by a written bill of sale, reading as follows:

" For $1 to me in hand paid and for a valuable consideration, the receipt of which is hereby acknowledged, I hereby assign, transfer, and turn over all my right, title, and interest in policy No. 84,000, on the life of A. H. Perry, issued by the Equitable Life Assurance Society of the United States, and all money which may be payable under the same, to James E. Cawthon, of Lampasas, Texas; and for the consideration above expressed I also, for myself, my executors, and administrators, guarantee the validity and sufficiency of the foregoing assignment to the above named assignee, his executors, administrators, and assigns, and their title to the said policy will forever warrant and defend.

" In witness whereof I have hereunto set my hand and seal, this 8th day of June, 1887.

[Signed]                                        " A. H. PERRY."

Cawthon paid all premiums accruing between the date of the transfer and the death of Perry, amounting to the sum of $369.60.

Perry died in November, 1888, and his administrators instituted this suit against both the insurance company and Cawthon to recover the amount of the policy.

The insurance company answered, admitting its indebtedness to the

owner of the policy, and by agreement of the other parties deposited the amount due upon it—$9894.40—in bank, "to await final judgment in the cause."

Defendant Cawthon answered, asserting his ownership of the policy by virtue of its transfer to him by Perry, and praying for judgment against the insurance company for the amount of the policy.

The cause was tried by the court without a jury. The court filed its conclusions of law in the following language:

"A creditor, by the transfer to him of a policy on the life of his debtor, can acquire no greater interest in the policy than such sum as will pay his debt and interest and premiums paid by him and interest. The instrument of transfer to a creditor, no matter what form it assumes, must be construed either as a mortgage to secure his debt and interest and premiums paid by him and interest, or construed as a transfer of such part of the insurance money as will pay him his debt and interest and the premiums paid by him and interest. A construction of the instrument of transfer which would give the creditor any more would be against public policy, in that it would make him interested in the speedy termination of the life of the assured, and at the same time would be a mere speculation on the chances of life."

Judgment was rendered in accordance with these conclusions, to reverse which the defendant Cawthon sued out a writ of error. The assignments of error call in question the correctness of the court's conclusions of law, and of its ruling in excluding a letter offered in evidence by the defendant Cawthon. We think the letter was properly excluded, because it was immaterial.

In their application to this case we approve the court's conclusions of law. Price v. Knights of Honor, 68 Texas, 361; Schonfield v. Turner, 75 Texas, 324; Life Ins. Co. v. Hazlewood, 75 Texas, 338.

The judgment is affirmed.

*Affirmed.*

Delivered March 4, 1890.