## Gus Lewy & Co. v. Numa Gilliard et al.

### No. 2827.

**Policy of Insurance.**—The personal representatives of a debtor who obtained a policy of insurance on his own life and transferred it to his creditor are entitled to recover the amount remaining paid on the policy after deducting debt and interest, with premiums paid by the creditor, and expenses paid in its collection.

Appeal from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*Scott & Levi*, for appellants.—The judgment of the court below is against the law and the evidence in this, that the proof showed that at the date of the death of John M. Cavanaugh the policy of insurance in question was, and had been since its delivery by the insurance company, the sole and exclusive property of appellants, and by them purchased at their own expense and risk and for their own exclusive use and benefit, and that the deceased, John M. Cavanaugh, had no interest therein at any time, and was not liable for the payment of premiums thereon, nor had he any interest in such premiums; and judgment should have been for the defendants below and appellants in this court. Life Ins. Co. v. Hazlewood, 75 Texas, 338; Price v. Knights of Honor, 68 Texas, 367; Bliss on Life Ins., secs. 7, 8, 13, 16, 31; May on Ins., secs. 108, 109, and cases cited; Rawls v. Ins. Co., 27 N. Y., 282; Brockway v. Ins. Co., 9 Fed. Rep., 249; Ins. Co. v. Schaefer, 94 U. S., 462; Dalby v. Ins. Co., 2 Bige., 371; Olmstede v. Keyes, 85 N. Y., 599.

*W. B. Denson*, for appellees.— 1. The judgment is sustained by the law and the evidence. The debtor undertook to secure his creditor by a policy of insurance upon his life. Being indebted some $1800 to appellants, he applied for and obtained a policy of insurance upon his life in his own name for $5000, and transferred it to appellants. One premium of $195.50 was paid by appellants and charged to the debtor. The debtor died, and the creditors collected the $5000; their debt was then $1681.06. The representatives of the insured are entitled to recover the excess of the policy over the debt, premium, and interest. Price v. Knights of Honor, 68 Texas, 361; Cammack v. Lewis, 15 Wall., 643; Warnock v. Davis, 104 U. S., 775; 18 Kans., 193; May on Ins., secs. 108, 109, 394, 75, 375.

2. The insurable interest of a creditor in the life of a debtor is the amount of his debt. Ins. Co. v. Schaefer, 94 U. S., 462; Cammack v. Lewis, 15 Wall., 643; Price v. Knights of Honor, 68 Texas, 367; Warnock v. Davis, 104 U. S., 775.

3. If a policy is effected by a creditor upon the life of his debtor for an amount largely in excess of his debt, and the creditor collects the

whole, the representatives of the assured may recover from the creditor the excess over his debt.   May on Ins., note 1, sec. 398; Cunningham v. Smith, 70 Pa. St., 450; Page v. Burnstein, 102 U. S., 664.

4.   Where there is a debt due from one person to another, and the debtor applies for and obtains a policy of insurance upon his life and assigns it to his creditor, the law implies that the assignment is made to secure the debt to the creditor, that it is only operative to the extent of the debt, and will so apply the proceeds of the policy, giving the surplus to the heirs of the assured.  Schonfield v. Turner, 75 Texas, 324; Basye v. Adams, 81 Ky., 368; Page v. Burnstein, 102 U. S., 268; May on Ins., p. 600, note 1.

HENRY, Associate Justice.—Appellees filed suit against appellants to recover the balance of proceeds of a policy of insurance on the life of John Cavanaugh, after deducting a debt due by Cavanaugh to appellants and the premiums paid on the policy by appellants and expenses of collecting the insurance money.   Trial was before the court without a jury. There was a judgment in favor of appellees for the amount sued for, and this appeal is to reverse the judgment.

Appellants were merchants doing business in Galveston, and for years had a running account with Cavanaugh of dimensions varying from $500 to $2500.   Cavanaugh was in Galveston in October, 1888, and appellants called in a life insurance agent to effect insurance on his life for $5000 in favor of appellants.   The agent informed them (appellants and Cavanaugh) that his company only wrote policies in favor of blood relations of the insured, but that their purpose could be accomplished by taking the policy payable to Cavanaugh, and then by his assigning it to appellants.   This form of proceeding being acceptable, the agent took the application, and at the same time Cavanaugh signed and delivered to the agent duplicate assignments to appellants of the policy which might be issued on application.   These assignments were complete, except in respect of their date and the number of the policy, which were to be filled in by the agent after the policy was issued and when its number could be known.   The agent subsequently did this, giving the assignments a date subsequent to that of the policy, and carried the policy, with the assignments thereof duly filled as above stated, to appellants, who paid the premiums, at the same time taking the policy and assignments together from the agent.

The policy was by its terms payable to John M. Cavanaugh, his executors and administrators.   After receiving the policy appellants and Cavnaugh entered into a written agreement reciting and stipulating the manner, purpose, and terms of the insurance as between them, viz.: that the application for insurance and the policy were made and obtained at the instance and for exclusive account and benefit of appellants as credit-

ors of Cavanaugh, though the policy by its terms was payable to Cavanaugh; that, notwithstanding the form of the policy, appellants were, at their own proper cost and expense, to pay all premiums, which were to be in no wise charged to or against Cavanaugh; that Cavanaugh had assigned and thereby assigned all interest he might have in the policy or its proceeds, on account of the form of the policy or application, or of any facts connected therewith, and for himself, his executors, and administrators guaranteed to appellants the sufficiency and validity of the assignment, and warranted the title of appellants to the policy and proceeds; that the purpose of this assignment was to evidence the facts attending the obtaining of the policy, and that in form as well as in substance it was intended to be solely for the benefit of appellants and not for Cavanaugh, who had no interest in the policy or in the premiums paid therefor. This agreement and the assignments of the policy were pleaded and proven, both as showing the exclusive interest of appellants in the policy and proceeds and as a warranty binding on appellees.

Cavanaugh died January 31, 1889. Appellants forwarded proofs of death to the insurance company and collected the policy, $5000, March 18, 1889.

Appellants contend that "the judgment of the court below is against the law and the evidence in this, that the proof showed that at the date of the death of John M. Cavanaugh the policy of insurance in question was and had been since its delivery by the insurance company the sole and exclusive property of appellants, and by them purchased at their own expense and risk and for their own exclusive use and benefit, and that the deceased, John M. Cavanaugh, had no interest therein at any time, and was not liable for the payment of premiums thereon, nor had he any interest in such premiums;" and that "the judgment of the court below is contrary to the law and evidence, in that in and by the covenant and warranty of the said John M. Cavanaugh, pleaded and proven, the plaintiffs were and are estopped from claiming the proceeds of said policy, and no matter sufficient in law was pleaded or proven to avoid the force and effect of said warranty."

We think that all of the questions presented in the case have been decided by this court. The policy in question was issued to Cavanaugh. By an agreement made before its issuance it was assigned subsequent to its issuance to appellants, who were his creditors. By an agreement as binding and expressive as language could express it, Cavanaugh was released from the obligation of paying for the insurance, and was bound to surrender and release all of its benefits to appellants in consideration of his indebtedness to them and of their paying the premiums required to keep it in force.

This contract was observed by both parties, and in its fulfillment the

insurance money was paid to appellants, who now seek a literal enforcement of the contract.

The policy of the law forbids such enforcement of it. The law treats such a contract between a debtor who takes out such a policy and assigns it to his creditor as a security only for the debt, advances to keep the policy in force, and expenses of its collection, with interest on such disbursements.

Such is the relief administered by the judgment in this case, and it is affirmed.

*Affirmed.*

Delivered March 4, 1890.