## TALBERT v. STORUM.

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

INSURANCE—INSURABLE INTEREST.
    A creditor has an insurable interest in the life of his debtor.

Appeal from judgment on report of referee.

Action by Anna Maria Talbert, as administratrix of Robert Talbert, against James Storum, as administrator of William Storum, to recover $1,000 on a certificate of insurance issued to decedent. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

The Mutual Reserve Fund Life Association was incorporated under chapter 267, Laws 1875, and reincorporated under chapter 175, Laws 1883. August 7, 1883, it issued a certificate of membership—No. 14,368—to William Storum, which contained the following provisions material to this litigation: "Within ninety days after receipt of satisfactory evidence to the association of the death of the above-named member, during the continuance of this certificate of membership, there shall be payable to the legal representatives of William Storum (self) of Washington, District of Columbia, United States of America, the sum of one thousand dollars from the death fund of the association at the time of said death, or from any moneys that shall be realized to the said fund from the next assessment to be made as herein above set forth, and no claim shall be otherwise due or payable, except from the reserve fund as hereinafter provided. * * * Written notice of all assignments, to be valid, must be received and approved by the association; and the beneficiary or assignee must possess an insurable interest in the above-named member, equal to the amount assigned." October 26, 1883, William Storum, with the written consent of the corporation, assigned said certificate and all interest therein to Robert Talbert, by an instrument under seal. Talbert was an agent of the association, and procured said certificate to be issued, paid the initiation fee and all of the assessments and sums which have fallen due thereon, and kept the certificate in force until January 15, 1891, when the member died intestate, leaving him surviving James Storum, a son, and Serepta Storum, a daughter, his sole next of kin. August 3, 1883, Serepta Storum procured a certificate of membership in said association for her father for $1,000, which she kept in force during his life, for her benefit. May 6, 1891, Robert Talbert began an action against the association to recover the amount payable under certificate No. 14,368. The association conceded that it was liable to pay to the person entitled thereto $989.50. May 23, 1891, James Storum was appointed administrator of the estate of William Storum, and, upon an application made, the supreme court, July 20, 1891, ordered that the association pay into court $989.50, and be discharged from further liability in that action, and that the administrator of William Storum be substituted in its stead as defendant therein. August 6, 1891, the association paid into court the sum directed, and October 7, 1891, a supplementary summons and complaint was served upon James Storum, as administrator, who was brought in as sole defendant, and, July 16, 1892, he answered herein. December 13, 1892, Robert

Talbert, the original plaintiff, died intestate, and February 3, 1893, Anna Maria Talbert was duly appointed administratrix of his estate, and by an order of this court entered March 3, 1893, this action was revived and continued in her name. July 12, 1894, upon the stipulation of the parties, the action was referred to a referee to hear and determine, who found that the plaintiff was entitled to the sum paid into court.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Jonathan L. Slater, for appellant.

Philip A. Laing, for respondent.

FOLLETT, J. The defendant excepted only to the eleventh and thirteenth findings of fact, and, no exception having been taken to the conclusion of law, the decision of the referee cannot be reviewed. But if an exception had been duly taken to the conclusion of law, the result would not have been different, for the judgment could not have been disturbed. It was established by undisputed evidence, and found by the referee, that Robert Talbert paid all of the sums which became due from William Storum to the insurance company to procure the certificate and to keep it in force. When the certificate was assigned, Talbert had an insurable interest in the life of Storum equal to the amount assigned. Storum was then indebted to Talbert in the sum of $350, secured by two mortgages, which remained unsatisfied until April 7, 1887. Before the assignment Talbert had paid to the corporation on account of the certificate $15.50,—all that had been paid,—which was undoubtedly the full value of the certificate at that time. Between the dates of the assignment and the death of Storum, Talbert paid to the association, to keep the certificate in force, $334.38, making a total of $349.88, aside from the interest, paid by him on account of the certificate. It was also shown that before and after the assignment Talbert provided Storum with goods and provisions, and advanced moneys to and rendered services for him, and that this practice continued for years. These facts were established by the undisputed evidence of Storum's sister and by the testimony of other witnesses. It seems quite clear that the sums advanced, the value of the goods furnished and services rendered, with interest added, equal the amount due on the certificate. The evidence is sufficient to sustain all of the findings of fact, and they justify the conclusion of law.

The judgment is affirmed, with costs. All concur.