### FORT WORTH MUT. BENEV. ASS'N v. MARTIN et al. (No. 9918.)

Court of Civil Appeals of Texas. Dallas. March 19, 1927.

Rehearing Denied April 16, 1927.

1. Insurance ⬳645(2)—Plea of amicus curiæ without supporting evidence, that insurer was fraternal benefit association, held not to require judgment that service on vice president was improper (Rev. St. 1925, arts. 4820, 4824, 4843).

In action against insurer, plea of amicus curiæ that defendant was fraternal benefit association under Rev. St. 1925, arts. 4820, 4824, without supporting evidence, held not sufficient to require judgment that proper service of citation was not had by service on vice president of company, since, to require service on commissioner of insurance under article 4843, showing of compliance with articles 4820–4859d must be made.

2. Insurance ⬳665(1)—Certificate of commissioner of insurance, authorizing insurer to transact business as fraternal benefit society, held not evidence of compliance with statute (Rev. St. 1925, arts. 4822, 4824).

As respects service of process, certificate issued by commissioner of insurance, under which insurer is authorized to transact business as fraternal benefit society, held not evidence that insurer had complied with requirements of Rev. St. 1925, arts. 4822, 4824, and was conducting business in accordance therewith.

3. Insurance ⬳645(2)—Amicus curiæ, challenging service on insurer, must show insurer was fraternal benefit society, as alleged (Rev. St. 1925, art. 4820).

In action against insurer, it devolved on amicus curiæ to support allegations of plea, challenging service of citation, by evidence sufficient to make prima facie showing that defendant was fraternal benefit society, as alleged, within meaning of Rev. St. 1925, art. 4820.

Error from Collin County Court; A. M. Wolford, Judge.

Action by G. W. Martin and another against the Fort Worth Mutual Benevolent Association. Judgment for plaintiffs, and defendant brings error. Affirmed.

Marvin Roberon, of Fort Worth, for plaintiff in error.

John Doyle, of McKinnly, for defendants in error.

VAUGHAN, J. Defendants in error instituted their suit in the court below against plaintiff in error on a policy or certificate of membership issued by plaintiff in error to Martha L. Martin to recover the sum of $500 for the permanent and total loss of an eye sustained by said Martha L. Martin, defendant in error, alleging in part "that on or about the 13th day of August, 1921, plaintiff Martha L. Martin became a member of the Fort Worth Mutual Life of Texas, a life and health insurance company, and said company issued to her a policy or certificate of membership, wherein and whereby, in consideration of said plaintiff becoming a member of said concern, and paying to it certain dues, payments and assessments, said insurance company obligated itself as follows: 'The Fort Worth Mutual Life further agrees to pay fifty cents from each member that is in good standing, not to exceed five hundred dollars ($500.00) for a permanent and total loss of any eye,' and that the Fort Worth Mutual Benevolent Association purchased or in some way, exactly how plaintiffs do not know, became possessed of all the property and assets of said Fort Worth Mutual Life of Texas, and assumed all the obligations of said company, and especially assumed the obligation to said plaintiff."

Citation was duly issued upon the filing of said petition requiring plaintiff in error to appear and answer said petition on or before the 7th day of June, 1926, directed to the sheriff or any constable of Tarrant county, Tex., commanding said citation to be served on plaintiff in error. The officer's return showed that service of said writ was had on said plaintiff by delivery of a copy of said citation, together with accompanying copy of defendant in error's petition, to E. M. Lipscomb, active vice president of plaintiff in error. On the 31st day of May, 1926, Marvin Roberson, a duly licensed and practicing attorney filed a plea of amicus curiæ, alleging that said plaintiff in error was a fraternal benefit association, as defined in article 4820 of the Revised Statutes of Texas, and had in all respects complied with all laws pertaining to, or affecting, fraternal benefit associations, and with article 4824, Id., and attached a certified copy of a power of attorney executed by plaintiff in error appointing the commissioner of insurance as its lawful attorney, upon whom all service of process should be had, and a certified copy of the permit issued by the department of insurance, as follows:

"This is to certify that the Fort Worth Mutual Benevolent Association of Texas, having complied with all requirements of law relating thereto, is hereby authorized to do business * * * fraternal benefit society * * * within the state for the year ending March 31, 1926."

No evidence was offered in support of said plea, and the court proceeded to hear the cause and render judgment in favor of defendants in error for the sum of $500 and

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

as to the service of process the rendition of judgment made the following adjudication:

"On the 21st day of June, 1926, pursuant to a previous setting thereof, this cause came on to be heard, and the plaintiffs appeared and announced ready for trial, but the defendant, although it had been duly and legally cited, came not, but wholly made default,"

—and that:

"After hearing the pleadings and the evidence and being fully advised in the premises, finds the material allegations of plaintiffs' petition true, and that plaintiffs are entitled to recover in the manner and form as prayed for."

[1, 2] The filing of the plea of amicus curiæ was not within itself sufficient to require the court to adjudge that proper service of citation had not been obtained on plaintiff in error, as it did not establish any fact therein alleged, but only presented issues of fact, in support of which the amicus curiæ was at liberty to introduce evidence. However, the facts necessary to show that plaintiff in error was a fraternal benefit society, by virtue of the provisions of title 78, c. 8, R. C. S. 1925, relating to fraternal benefit societies, were not alleged; said plea containing in reference thereto only conclusions of the amicus curiæ. In order for the benefits of article 4843 of said chapter 8, requiring service of citation in suits against fraternal benefit societies to be had upon the commissioner of insurance, and prohibiting service of legal process in any other manner except as therein provided, to have been available to plaintiff in error, it was necessary to show that plaintiff in error was in fact a fraternal benefit society, in that it was a voluntary association, without capital stock, and organized solely for the mutual benefit of its members and their beneficiaries, and not for profit, had instituted and maintained a lodge system, with ritualistic form of work, as provided in article 4821, Id., and a representative form of government, as provided in article 4822, Id., and had made provisions for, and maintained, the payment of benefits in accordance with article 4824, Id. Such facts we are unable to find for the want of evidence in the record establishing same. The certificate issued by the commissioner of insurance under which plaintiff in error was authorized to transact business as a fraternal benefit society was not evidence that, at the time it was issued, or at the time of filing said plea of amicus curiæ, said plaintiff in error had complied with the requirements of said articles 4822 and 4824, and was then conducting its business in accordance therewith, but only of the fact that said plaintiff in error, in applying for, and obtaining, said certificate, had satisfied the commissioner of insurance that it had organized as such association for the purpose of conducting the business authorized by and in accordance with the requirements of said title 78, chapter 8. To this effect is the holding of the Court of Appeals of Missouri in passing upon a statute very similar in all material respects to that of our statute under consideration in Thompson v. Royal Neighbors of America, 154 Mo. App. 109, 133 S. W. 146; Western Commercial Travelers' Ass'n v. Tennent, 128 Mo. App. 541, 106 S. W. 1073.

[3] Defendants in error did not sue plaintiff in error as a fraternal benefit society, but complained of it as the Fort Worth Mutual Benevolent Association, alleging that "plaintiff Martha L. Martin became a member of the Fort Worth Mutual Life of Texas, a life and health insurance company"; that defendant had become the owner of the assets and property of said Fort Worth Mutual Life of Texas, and had assumed the obligations of said company to plaintiff in error Martha L. Martin. In this attitude of the issue raised by the plea of amicus curiæ, unsupported in any respect by evidence, the positive statement in the judgment that plaintiff in error had been duly and legally cited must be sustained, for it certainly devolved upon the amicus curiæ to support the allegations of his plea challenging the service of citation to have introduced evidence in support thereof sufficient to at least prima facie establish the truth of same, viz., that plaintiff in error was a fraternal benefit society within the meaning of article 4820, Id. Thompson v. Royal Neighbors of America, supra; Western Com. Travelers' Ass'n v. Tennent, supra.

This holding is not in conflict with that in Ft. Worth Mut. Ben. Ass'n of Tex. v. Petty (Tex. Civ. App.) 283 S. W. 620, because in that case the following language indicates that the court had evidence before it sufficient to show that plaintiff in error in that case was a mutual benevolent association, to wit:

"The plaintiff in error is a mutual benevolent association organized under the laws of Texas, with its domicile at Fort Worth, Tex.,"

—or in conflict with the holding in the case of International Order of Twelve Knights and Daughters of Tabor v. Brown et al. (Tex. Civ. App.) 190 S. W. 251, because it is likewise evident from the following statement that evidence was before the court justifying same:

"The service was on one Lottie Gatlin, chief recorder of one of plaintiff in error's local lodges, when it should have been on the commissioner of insurance; for, it seems, plaintiff in error was a fraternal beneficiary society."

We therefore conclude that the judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.