## AMERICAN CITIZENS' LABOR & PROTECTIVE INST. OF TEXAS et al. v. WESLEY. (No. 679.)

Court of Civil Appeals of Texas. Waco.
Sept. 13, 1928.

Callicutt & Upchurch, of Corsicana, for appellants.

Richard & A. P. Mays, of Corsicana, for appellee.

GALLAGHER, C. J. This suit was instituted by appellee, Lizzie Wesley, against appellant American Citizens' Labor & Protective Institution of Texas, to recover on a membership certificate issued by appellant to Annie Talley, deceased, in which appellee is named as beneficiary. Appellee alleged that appellant was an insurance order; that it "issued a certificate of membership for life insurance to Annie Talley," hereinafter called deceased; that appellee was named as beneficiary therein; that by the terms of said certificate said order agreed to pay on the death of the deceased to the beneficiary named therein the sum of $400, $100 of which was for burial purposes and payable within 24 hours after the receipt of proof of death of the deceased; that the deceased died in July, 1926; that appellee made proof of her death as required; that said order refused to pay any part of said amount except the sum of $25, which appellee admitted as a credit on the amount sued for. Appellee further alleged that the deceased was married to appellant Levi Talley; that he was originally named as beneficiary in her said membership certificate; that he had permanently abandoned the deceased; that she thereupon caused her certificate of membership to be changed and appellee to be named as beneficiary therein. She further alleged that deceased came to live

with her; that she took care of her, provided for her, made advances to her, nursed and attended her in her last illness, and paid all doctor's bills and funeral expenses out of her own means; that deceased was a member of her family for a long time prior to her death; that by reason of all of which appellee had an insurable interest in her life. She further alleged that said order paid the burial benefit of $100 to Levi Talley, and that he converted the same to his own use, and that no part of the same was paid on the expense of last sickness or burial of the deceased. Appellee prayed for judgment for the sum of $375, which she alleged to be the balance due on said certificate, for interest thereon, and for penalties in the form of liquidated damages and attorney's fees provided by law.

Appellant specially denied that it was an insurance order and that it ever issued to said Annie Talley any policy or membership certificate which constituted a contract of insurance with her, appellee, or any one else. Said order alleged that Levi Talley was named as beneficiary in the membership certificate issued by it to said deceased, and that, if the name of appellee appeared therein as beneficiary, said certificate had been fraudulently altered; that said order had paid $100 as the first or burial benefit thereunder to appellant Levi Talley; that appellee was not related to the deceased, was not a creditor of deceased, and never at any time had an insurable interest in her life. Said order further alleged that Levi Talley was claiming to be the sole beneficiary and prayed that he be made a party to the suit.

Appellant Levi Talley answered and prayed for recovery on said membership certificate in his own right, as payee therein and as surviving husband of the deceased. He alleged in that connection that, if the name of appellee appeared in said membership certificate as beneficiary therein, said certificate had been fraudulently altered, and the name of appellee inserted therein without the knowledge, consent, or authority of said order, and that he was not bound by such change.

The case was tried by the court and judgment rendered in favor of appellee against appellant order for $427.50, and against appellant Levi Talley that he take nothing. Both said order and said Talley perfected appeals. Appellant Talley has filed a brief and appellant order has adopted the same as its own.

## Opinion.

■■ Appellant Talley presents four propositions as ground for reversal, but they altogether present but two contentions. The first of said contentions is that, Levi Talley having been named as beneficiary in the original membership certificate issued to the deceased, the erasure of his name and the substitution of the name of appellee therein by the executive officers of said order, or under

their direction, did not destroy said certificate nor his rights thereunder, but that he remained entitled to all the benefits payable under and by virtue thereof. The trial court found:

"That, after Levi Talley and Annie Talley ceased to live together as husband and wife, Annie Talley, through the proper process, requested the defendant American Citizens' Labor & Protective Institution of Texas to change the beneficiary from Levi Talley to Lizzie Wesley; that said certificate or policy of insurance was delivered to the defendant company for said purpose; and that the beneficiary was changed by said defendant company from Levi Talley to Lizzie Wesley."

This finding is supported by the evidence and it is our duty to sustain the same. There is no contention that Levi Talley had any claim to the benefits promised in said certificate except the fact that he was the husband of the deceased. The constitution of the order provides that on the death of a member the relief promised in his or her membership certificate shall be paid to the beneficiary named therein. There is nothing in said constitution limiting a member in the selection of a beneficiary nor prohibiting such member from changing such beneficiary at will. Appellants' first contention is therefore overruled. Bills v. Bills (Tex. Civ. App.) 207 S. W. 614, 616.

Appellants' second contention is that appellee, being in no way related to deceased, had no insurable interest in her life, and was not entitled to recover the entire proceeds of said certificate or policy, but only the amount of the indebtedness, if any, held by her against the deceased, and that appellant Talley was entitled to recover the remainder of such proceeds. Appellee testified:

"Some time after Levi Talley quit Annie she stated to me that she was going to have her policy changed so as to strike out Levi Talley's name as beneficiary, and would name me in his stead. In consideration of this I agreed to take care of her when she was sick, and to furnish her a room or house to live in, and to bury her when she died. I complied with my agreement, and did take care of her when she was sick, and furnished her a place to stay, and buried her when she died. I paid out of my own money $117, covering her funeral expenses. After Levi Talley's separation from Annie, I never saw him in or around the house that she lived in. I know he had nothing to do with her, or was around the place at the time she died, or at her funeral. Annie Talley was sick frequently, and I would wait on her, do her washing and cooking, and everything else that would be needed to be done while she was confined to her bed."

She further testified that, in pursuance of such agreement, the deceased did surrender her certificate or policy to the order, and, after the same was changed so as to show the name of appellee as beneficiary therein, deceased delivered the same to her. She further testified that, after the death and burial

of the deceased, she made due proof of death and sent the same to the principal office of said order in Fort Worth; that shortly thereafter she went to said office, and that some of the officers of the order told her that they had sent the $100 burial benefit to Levi Talley by mistake; that they paid her $25 on the amount called for by said certificate and promised to send her the remainder, but had not done so.

The rule is well established in this state that a party may contract for insurance on his own life and make the same payable to any one he may choose to designate as beneficiary, and that such contract is enforceable in our courts. Pacific Mutual Life Ins. Co. v. Williams, 79 Tex. 633, 637, 638, 15 S. W. 478; Gibson v. National Life & Accident Ins. Co. (Tex. Civ. App.) 294 S. W. 923, 924. The same rule applies, in the absence of statutory restriction; to the right of a member of a mutual aid association or similar organization to designate the beneficiary in his membership or benefit certificate. Schonfield v. Turner, 75 Tex. 325, 330, 12 S. W. 626, 7 L. R. A. 189.

The rule is also well established in this state that a creditor has an insurable interest in the life of his debtor to the extent of the indebtedness held by him, and that, in the absence of statutory restriction, where such creditor is named as beneficiary in a life insurance policy or mutual benefit certificate, he can collect and retain the proceeds thereof to the extent of such indebtedness, even against the heirs or legal representatives of the insured. Pacific Mutual Life Ins. Co. v. Williams, supra, 79 Tex. at page 638 (15 S. W. 478); Goldbaum v. Blum, 79 Tex. 638, 640, 641, 15 S. W. 564; Cawthon v. Perry, 76 Tex. 383, 384, 385, 13 S. W. 268; Cheeves v. Anders, 87 Tex. 287, 292, et seq., 28 S. W. 274, 47 Am. St. Rep. 107. The right of a creditor is not limited to indebtedness existing at the time the insurance contract is made or when he is named as beneficiary therein, but extends to and includes advances made thereafter. Cheeves v. Anders, supra, 87 Tex. at page 292 (28 S. W. 274, 47 Am. St. Rep. 107); Equitable Life Ins. Co. v. Hazelwood, 75 Tex. 338, 352, 12 S. W. 621, 7 L. R. A. 217, 16 Am. St. Rep. 893; Schonfield v. Turner, supra, 75 Tex. at page 330 (12 S. W. 626, 7 L. R. A. 189); Cawthon v. Perry, supra, 76 Tex. at page 385 (13 S. W. 268); Curtiss v. Ætna Life Ins. Co., 90 Cal. 245, 27 P. 211, 213, 25 Am. St. Rep. 114; First Nat. Bank v. Security Mutual Life Ins. Co., 283 Mo. 336, 222 S. W. 832, 835, 836; Talbert v. Storum, 7 App. Div. 456, 39 N. Y. S. 1047, 1048.

While we have found no case where a part of the indebtedness claimed arose in pursuance of an agreement by the beneficiary to give the body of the insured decent burial, we have no doubt that indebtedness so incurred is a valid charge in favor of the beneficiary upon the proceeds of such policy or certificate, where, as in this case, the payment of the expense of burial was in contemplation of the parties at the time the policy or certificate was made payable to the beneficiary, and where, as in this case, the beneficiary expressly engaged at the time to provide such burial and defray the expenses thereof. It is a matter of common knowledge that a desire for decent burial when the struggles of life are over is inherent in the human mind, and that many make great sacrifices to hoard a little fund for such purpose in order that they may be spared the disgrace of a pauper burial. Since a person may contract for the necessaries of life and secure the payment therefor by an insurance policy payable to any one who will supply same, regardless of relationship, we can see no reason why he cannot provide in the same way for a decent burial at the end of life's journey. The evidence in this case discloses affirmatively that, notwithstanding the appellant Talley was, on the death of the insured, promptly paid the burial benefit promised by the latter, he did not attend her funeral, and left appellee, a stranger to her blood, to perform the last sad rites and defray the expense thereof.

Appellants invoke the provisions of R. S. art. 4831, to exclude appellee from participating in the proceeds of said certificate. Said article is a part of the chapter relating to fraternal benefit societies and restricts the persons who may be named as beneficiaries in certificates issued by such societies. Creditors are not included in the list of beneficiaries permitted by such article. There is no allegation in the pleadings that appellant order is such a society. It is stated affirmatively in the statement of facts that appellant is not a fraternal beneficiary society and is not doing business under the supervision of the department of insurance of this state. Appellants are not entitled to invoke the provisions of said chapter for such purpose. Fort Worth Mutual Benevolent Ass'n v. Martin (Tex. Civ. App.) 293 S. W. 942, 943; Sovereign Camp, W. O. W., v. Downer (Tex. Civ. App.) 241 S. W. 228, 229; Grand Lodge, Sons of Hermann, v. Prater (Tex. Civ. App.) 2 S.W.(2d) 500, 503, 504; Thompson v. Royal Neighbors of America, 154 Mo. App. 109, 133 S. W. 146, 149; Western Commercial Travelers' Ass'n v. Tennent, 128 Mo. App. 541, 106 S. W. 1073, 1074, 1075.

Appellee is not, under the record presented, entitled to recover the entire proceeds of said certificate. Her recovery, if any, must be limited to such indebtedness, if any, as accrued in pursuance of her agreement with the deceased, together with legal interest thereon to the time of trial. The remainder of the proceeds of such certificate is, under the record here presented, recoverable by appellant Levi Talley. To this extent, the second con-

tention presented by appellants in said propositions is sustained.

The judgment of the trial court is reversed, and the cause is remanded.