## BURNETT et al. v. AMICABLE LIFE INS. CO. et al.

No. 2541.

Court of Civil Appeals of Texas. Eastland.

May 24, 1946.

Rehearing Denied June 14, 1946.

Smith & Smith, of Anson, for appellants.

Davis, Jester, Tyson & Dawson and Doyle Pevehouse, all of Corsicana, for appellees.

GRISSOM, Chief Justice.

This suit was filed by Ethel Burnett, administratrix of the estate of O. B. Burnett, deceased, and Odie Burnett and Faye Baze. Ethel Burnett is the surviving wife and Odie Burnett and Faye Baze are the children of O. B. Burnett, deceased, who died intestate on January 1, 1945. Plaintiffs claim the proceeds of a $2,000 insurance policy issued by the Amicable Life Insurance Company on the life of O. B. Burnett. The insurance company admitted liability on the policy, paid $2,000 into the registry of the court and impleaded Mrs. Minnie Walker and Mrs. Lillie Cruse and their husbands. Mrs. Walker and Mrs. Cruse are the surviving wife and child and heirs at law of J. T. Garlington, deceased, who died intestate in 1929. They will be referred to as defendants. They claim an interest in said policy to the extent of approximately $1,248.60, as evidenced by a note in said sum payable to Mrs. Walker and alleged to have been executed by O. B. Burnett, deceased, and secured by an assignment of said insurance policy.

Plaintiffs contended that on February 1, 1927, when said policy was assigned by O. B. Burnett to J. T. Garlington, Burnett was not then indebted to Garlington, and, therefore, Garlington had no insurable interest in the life of Burnett. Plaintiffs further alleged that O. B. Burnett did not sign the note for $1,248.60, payable to Mrs. Minnie Walker. Plaintiffs further alleged that in the latter part of 1930 O. B. Burnett settled his account in full with Mrs. Walker, or, if he did not do so, that he was only indebted to her in the sum of $20, which he tendered and she refused.

The case was submitted to a jury, and it found (1) that at the time the insurance policy was assigned by Burnett to Garlington, February 1, 1927, Burnett was indebted to Garlington; (2) that Burnett signed the note, which with the assignment of the policy constituted the basis of defendants' claim to a portion of the insurance money; (3) that Burnett did not settle his account in full with Mrs. Walker in 1930; (4) that Burnett in 1936 did not tender to Mrs. Walker $20 in settlement of his account. Issue 5, which inquired whether Burnett was indebted to Mrs. Walker in 1936 for more than $20, was conditionally submitted and was not answered. It was not required to be answered in view of the jury's answer to Issue 4. Judgment was rendered that Mrs. Walker and Mrs. Cruse recover the principal and interest due on the note out of the proceeds of the insurance policy, together with their costs, and that plaintiffs recover the balance. Plaintiffs have appealed.

■ Appellants' first three propositions assert that the court erred in overruling their motions for an instructed verdict and for a judgment notwithstanding the verdict. Said propositions are based upon the assumption that there was insufficient evidence to support a finding (1) that in 1927 J. T. Garlington had an insurable interest in the life of O. B. Burnett, or (2) that after his death his heirs had such an interest. There was ample evidence that at the time the policy was assigned to Garlington, about February 1, 1927, Burnett was then indebted to Garlington, and that at all times since he has been indebted to Garlington or his heirs. Said propositions are overruled. "A creditor has an insurable interest in the life of his debtor, at least to the extent of the indebtedness and expenses incident thereto." 44 C.J.S., Insurance, § 208, p. 909. See also Equitable Life Ins. Co. v. Hazlewood, 75 Tex. 338, 12 S.W. 621, 625, 7 L.R.A. 217, 16 Am.St.Rep. 893; Livesay v. First Nat. Bank, Tex.Com.App., 57 S.W. 2d 86, 91 A.L.R. 873; American Citizens' Labor & Protective Inst. of Texas v. Wesley, Tex.Civ.App., 9 S.W.2d 498, 500; 33 C.J. 124; 24 Tex.Jur. 783, sec. 82; 45 C.J.S., Insurance, § 438, pp. 63, 64; Lewey & Co. v. Gilliard, 76 Tex. 400, 13 S.W. 304; Goldbaum v. Blum, 79 Tex. 638, 15 S.W. 564.

■ Appellants' 6th point is that the court erred in permitting Stone to relate a conversation he had with O. B. Burnett at the time Burnett signed the application for the $2,000 insurance policy. The objection made to such testimony was that the application and policy constitute the entire contract and it was error to permit Stone to testify "orally in direct opposition to the written instrument." Mr. Stone was the insurance agent who sold the policy to O. B. Burnett, and took Burnett's acknowledgment to the assignment of the policy to Garlington. Stone testified that Burnett told him that he wanted the insurance policy so that he could assign it to Garlington as security for a debt he owed Burnett and was unable to pay him. Stone also testified that the signature on the note was that of O. B. Burnett, deceased. Stone's testimony that Burnett told him, when the policy was obtained and assigned to Garlington, that he was then indebted to Garlington and that the signature on the note was that of O. B. Burnett, was both material and admissible, made so by defendants' pleadings and contentions throughout the case to the effect that Burnett was not indebted to Garlington when the insurance policy was assigned, and that Burnett did not execute the note, which with the assignment of the policy was the basis of defendants' claim to a portion of the proceeds of the policy.

■ Appellants' 7th point complains of the action of the court in permitting the witness George to testify relative to a note for approximately $370 executed by O. B. Burnett in favor of J. T. Garlington. The objection to such evidence was that the note was the best evidence "and the failure to offer such note was unaccounted for and * * * such testimony was rank hearsay * * *." Said testimony was evidently offered in contradiction of plaintiffs' contention that Burnett was not indebted to Garlington when the policy was assigned to him. It was admissible as evidence that he was then indebted. Defendants were not suing on that note. The testimony was

admissible as tending to prove that when the policy was issued and assigned Burnett was indebted to Garlington and he, therefore, had an insurable interest in the life of Burnett. It was not essential that said note be produced and the testimony was not hearsay.

■ Appellants' 9th point is that the court erred in permitting introduction of the note that was the basis of defendants' claim because plaintiff had filed a plea of non est factum and because, appellants say, "same was not supported and proven by any evidence except" that of the witness Cruse, as follows:

"Q. I asked you if you saw him sign his name at the bottom of it? A. I saw that signature."

There was ample evidence to make it a question for the jury to decide whether or not the note sued on was executed by O. B. Burnett. Among other testimony that might be pointed out is that of the witness Stone, who testified that the signature on the note was that of O. B. Burnett.

■ Point 15 is directed at the refusal of the court to permit the witness Davis to testify for appellants that in 1936, at the Walker Store, he heard Mrs. Walker tell Burnett that he owed her a balance of $20 and that he saw him tender to her said sum and that she refused it. After the witness had so testified the court sustained an objection to such testimony, but thereafter changed his ruling and so instructed the jury. Such action does not constitute reversible error.

■■ Point 16 complains of the action of the court in permitting the witness Stone to be recalled and to testify, over appellant's objection that such testimony was not in rebuttal and was hearsay, that Burnett said he wanted the insurance policy to protect Garlington because of a debt Burnett owed Garlington. The testimony was not hearsay. There is no strict rule of rebuttal in Texas that required the trial court to refuse to hear testimony under such circumstances. That is a matter within the discretion of the trial court.

■ Other points presented by appellants complain of the action of the court in permitting introduction of evidence in violation of Article 3716. To illustrate, the witness Cruse, a party to the suit because he was the husband of the daughter of J. T. Garlington, deceased, was within the statute that provides, under the circumstances of this case, "that neither party shall be allowed to testify against the other as to any transaction with, or statement by the—intestate—unless called to testify thereto by the opposite party." However, assuming that the part of his testimony complained of was relative to a transaction with or statement by the intestate, it is evident, when the statement of facts is studied, that such objection was waived by appellants. The gist of his testimony that may have been subject to the objection that it related to a statement by or transaction with the intestate was given to the jury before such an objection was made and on cross-examination the witnesses' testimony, that was possibly subject to such objection, was elicited by appellants. Appellants contend in their supplemental brief that such evidence is incompetent, whether objected to or not. In Besteiro v. Besteiro, Tex. Com.App., 65 S.W.2d 759, 762, the Commission of Appeals said:

"We think it is the settled law of this state that the testimony coming from witnesses disqualified to testify under article 3716 does have probative force where such testimony is not objected to at the proper time and for the proper reason by the opposite party. In other words, the statutory disqualification of the witness can be waived." See also Hein v. De Busk, Tex. Com.App., 277 S.W. 1053, 1054; Olschewske v. Priester, Tex.Com.App., 276 S.W. 647, 652; Cox v. McClave, Tex.Civ.App., 22 S.W.2d 961, 963; 4 Jones on Evidence, Sec. 784; McCormick & Ray, Texas Law of Evidence, 243, 245.

All of appellants' points have been most carefully considered. We think reversible error is not shown. The judgment is affirmed.