**HILLCREST STATE BANK, Appellant,**

v.

**BANKERS LEASING CORPORATION OF TEXAS, Appellee.**

**No. 19029.**

Court of Civil Appeals of Texas, Dallas.

Nov. 18, 1976.

Rehearing Denied Dec. 16, 1976.

Paul E. Lokey, Dallas, for appellant.

James D. Stevenson, Douglas Riley, Jr., Dallas, for appellee.

AKIN, Justice.

This is an interpleader suit in which two parties claim the right to a $21,214.87 payment under a lease contract. Hillcrest State Bank contends that it is entitled to the funds under an assignment from the lessor, Bankers Leasing Corporation. Bankers Leasing replies that the assignment was intended only as security for a note and that, since the note has been discharged, it is entitled to any further benefits under the contract. Following a jury trial, judgment was rendered for Bankers Leasing Corporation. The bank appeals. We affirm.

Bankers Leasing Corporation entered into a lease agreement with Rauscher Pierce Securities Corporation whereby Bankers Leasing agreed to purchase and lease to Rauscher Pierce certain office equipment. To secure the funds for the equipment, Bankers Leasing borrowed $1,173,032.10 from the Hillcrest State Bank and secured the note with an assignment to the bank of its rights under the Rauscher Pierce lease. The lease required Rauscher Pierce to make fifty-nine payments of $19,881.90 (totaling $1,173,032.10) all of which it made to the bank in accordance with the assignment of the lease to the bank. Thus, the bank's note was discharged.

The lease gave Rauscher Pierce the option, which it exercised, to purchase the equipment for $21,214.87. Because of conflicting claims to this fund between Bankers Leasing and the bank, Rauscher Pierce interpleaded both claimants and paid the sum into the court's registry.

■ The assignment of the lease reads:
FOR VALUE RECEIVED, Bankers Leasing Corporation of Texas hereby assigns all its rights, title and interest in the Rauscher Pierce Securities Corporation lease of July, 1970, to Hillcrest State Bank, Dallas, Texas, *without recourse on us.* [Emphasis added.]

The bank contends that the assignment, by its clear terms, shows that it is an absolute assignment and not a security interest. However, merely because an assignment is absolute on its face does not prevent a court from treating it as security for a debt if it was so intended. *Kaufman v. Blackman,* 239 S.W.2d 422, 427 (Tex.Civ.App.—Dallas 1951, writ ref'd n. r. e.); *cf. Wilbanks v. Wilbanks,* 160 Tex. 317, 330 S.W.2d 607, 608 (1960). This intent may be shown by parol evidence or by a separate written instrument. *Kaufman v. Blackman, supra* at 427.

■ The sole question presented by this appeal is whether the note signed by Bankers Leasing and the assignment of the lease show an intent that the assignment be for security only and not absolute. We hold that it does. The note provides:
To secure the payment of the loan evidenced by this combined note, loan statement and security agreement, and truth in lending disclosure, *borrower hereby grants to lender a security interest in the following described property* (hereinafter referred to as *collateral*) to wit: *see supplement attached hereto.* [Emphasis added.]

The clear meaning of this language is that the bank received only a security interest in instruments which were collateral for the note. The question then is: was the lease a part of the collateral "attached hereto?" This question was answered by the bank in response to the requests for admissions of fact pursuant to Tex.R.Civ.P. 169. In its answers to these requests, the bank admitted that the language above reading "see supplement attached hereto" refers to the lease between Rauscher Pierce and Bankers Leasing and to the assignment of this lease to the bank. Consequently, the bank had only a security interest in the lease and it makes no difference that the assignment is absolute on its face and is "without recourse."

The trial court could have instructed a verdict for Bankers Leasing on the ground that the bank had only a security interest. Instead it chose to submit an issue to the jury inquiring whether Bankers Leasing intended to absolutely assign its right under the lease to the bank. The jury answered this issue in the negative based upon these instruments as well as oral testimony offered by Bankers Leasing. Therefore, even if the intent of the parties in this respect should be considered a question of fact, the jury resolved that question in favor of Bankers Leasing. Since it is established that the assignment of the lease was intended to be security for the note and that the debt to the bank has been discharged, Bankers Leasing is entitled, as a matter of law, to the return of its collateral. *Quinn v. Dupree,* 157 Tex. 441, 303 S.W.2d 769, 775 (1957). This includes, of course, the lease and any benefits flowing from it including the $21,214.87 paid into the court's registry.

Affirmed.