BERMAN, FICHTNER & MITCHELL,
INC. a professional corporation,
Appellant,

v.

Charles KAHN, Appellee.

No. 5196.

Court of Civil Appeals of Texas,
Eastland.

Nov. 2, 1978.

Gary B. Hall, Dallas, for appellant.

Ronald A. Dubner, Dubner, Weinstein &
Bell, Dallas, for appellee.

McCLOUD, Chief Justice.

Plaintiff, Berman, Fichtner & Mitchell,
Inc., a professional corporation, sued de-
fendant, Charles Kahn, for attorney's fees.
The trial court, in a nonjury trial, held that
by the execution of an agreement and as-
signment, the defendant discharged his obli-

gation to plaintiff. Plaintiff appeals. We affirm.

Plaintiff had represented defendant over a period of years in connection with several legal matters. Plaintiff prepared an instrument entitled, "AGREEMENT AND ASSIGNMENT OF AN INTEREST IN COLLATERAL AND PROCEEDS," which was signed by Harry Thaten, Great American Insurance Company, defendant and plaintiff. Prior to execution of the agreement, Thaten and defendant had conveyed certain real property to Ray Williamson who had executed and delivered to Thaten and defendant his vendor's lien note. Defendant, Thaten, and Great American Insurance Company were involved in litigation. The instrument in question was executed by the parties in settlement of the controversy, and it provided in part:

Whereas, Berman represented Kahn in all matters in connection herewith, and *Kahn desires to discharge his obligation to Berman,* for professional fees in this matter and past matters *by the assignment herein;*

NOW, THEREFORE, in consideration of the abovementioned covenants previously undertaken, Thaten, Kahn, Berman, and Great American AGREE AS FOLLOWS:

. . . . .

3. Subject to the assignment to Great American as security for his obligations, as set out in Paragraphs 1 and 2 hereof, Kahn does hereby assign to Berman a one-third (⅓) interest of Kahn's interest in the Williamson Note, the liens on properties securing the same, and all proceeds therefrom, and does hereby agree that all net proceeds of said Williamson Note to which Kahn may be entitled shall be divided between Kahn and Berman, with Kahn receiving two-thirds (⅔) thereof and Berman receiving one-third (⅓) thereof. If there shall be a default in the payment of the Williamson Note, either Kahn or Berman shall be entitled to exercise its rights to foreclose its liens upon the security for said note, and any interest in said

security to which Kahn shall be entitled by reason of said foreclosure shall be divided between Kahn and Berman, with Berman receiving a one-third (⅓) undivided interest therein. (Emphasis added)

Williamson did not pay the note when it became due.

■ The trial court held that the instrument was unambiguous and refused to permit plaintiff to show by parol evidence that the assignment was only intended to serve as security or collateral until the attorney's fees were paid. We agree with the finding of the trial court that the instrument is not vague, indefinite or ambiguous. In the absence of fraud, accident, or mutual mistake, parol evidence is inadmissible to contradict the terms of a written instrument that on its face is complete and unambiguous. *Rapid Transit Ry. Co. v. Smith,* 86 S.W. 322 (Tex.1905). As a general rule, in construing an unambiguous contract, the courts will determine the intent of the parties as expressed in the contract. In the usual case, the instrument alone will be deemed to express the intention of the parties for it is the objective, not subjective, intent that controls. *Ohio Oil Company v. Smith,* 365 S.W.2d 621 (Tex.1963); *Republic National Life Insurance Company v. Spillars,* 368 S.W.2d 92 (Tex.1963); *Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154 (1951).

■ It is clear from the agreement that the "assignment" to plaintiff of an interest in the Williamson note discharged the obligation owed by defendant to plaintiff, without regard to whether plaintiff ever collected from Williamson. *Lindberg v. Ferguson Trucking Co.,* 74 N.M. 246, 392 P.2d 586 (1964), cited by plaintiff, is distinguishable. The assignment in that case merely authorized an auctioneer to pay a certain amount to the creditor from the first monies made available as a result of a sale, and expressly provided that payment of such amount discharged an obligation. There is no reason why parties may not enter into an agreement whereby the creditor accepts from his debtor the note of a third party with the

understanding that the acceptance (not payment) of the note shall be in satisfaction of the debtor's debt. *Ralston v. Aultman, Miller & Co.,* 26 S.W. 746 (Tex.Civ.App.—1894, no writ); *Sustala v. North Side Ready-Mix Concrete Company,* 317 S.W.2d 64 (Tex.Civ. App.—Houston 1958, no writ).

■ We do not agree with plaintiff's argument that an assignee may always show by parol evidence that an assignment, absolute on its face, was intended only as security for a debt. While *Hillcrest State Bank v. Bankers Leasing Corporation,* 544 S.W.2d 727 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.) contains language indicating that to be the rule, a close reading of the case shows that the court applied the rule that where more than one instrument is involved in the transaction, the court will consider all the instruments in determining the agreement of the parties. *Board of Ins. Com'rs v. Great Southern Life Ins. Co.,* 150 Tex. 258, 239 S.W.2d 803 (1951); *B & B Pharmacy and Drug, Inc. v. Lake Air National Bank,* 449 S.W.2d 340 (Tex.Civ.App.—Waco 1969, writ dism'd). The court in *Hillcrest State Bank* cited *Kaufman v. Blackman,* 239 S.W.2d 422 (Tex.Civ.App.—Dallas 1951, writ ref'd n. r. e.), which cited two early Texas Supreme Court cases, *Cawthorn v. Perry,* 76 Tex. 383, 13 S.W. 268 (1890), and *Lewy v. Gillard,* 76 Tex. 400, 13 S.W. 304 (1890). *Kaufman, Cawthorn* and *Lewy* dealt with the assignment of an insurance policy by the insured. The cases were essentially concerned with public policy, insurable interest, and statutes relating to assignment of insurance policies. We do not consider the cases controlling.

We also note that the exception to the parol evidence rule which permits the grantor of a deed, absolute on its face, to show that it was intended only as a mortgage, originated as a purely equitable doctrine in order to give effect to the equity of redemption. *Bradshaw v. McDonald,* 147 Tex. 455, 216 S.W.2d 972 (1949). That rule does not aid the assignee of the note in the instant case.

■ The agreement in the instant case unmistakably provides that the "assign-

ment" by defendant to plaintiff of an interest in the Williamson note discharges defendant's debt to plaintiff for attorney's fees. The court correctly excluded the parol evidence tendered by plaintiff.

Judgment of the trial court is affirmed.