■ ETRUSCA COSENTINO, Individually and as Administrator of the Estate of DOMINICK COSENTINO, Deceased, Appellant, v WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, Defendant, and SOL WEINBERG, Respondent. [636 NYS2d 943] —Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Coppola, J.), entered August 5, 1994 in Westchester County, which, *inter alia*, granted a motion by defendant Sol Weinberg for summary judgment dismissing the complaint against him.

Alleging the absence of an insurable interest in the owner, plaintiff, the surviving spouse and personal representative of Dominick Cosentino (hereinafter decedent), brought this action to recover the proceeds of a $500,000 insurance policy on decedent's life issued by defendant William Penn Life Insurance Company of New York to defendant Sol Weinberg. We agree with Supreme Court's determination to dismiss the action on the basis of uncontroverted documentary evidence establishing Weinberg's status as a creditor of decedent and, thus, the existence of a legally recognized insurable interest (*see*, 69 NY Jur 2d, Insurance, § 898, at 319; *see also*, *New York Life Ins. Co. v Baum*, 700 F2d 928, 934-935 [applying New York law in determining whether a creditor has an insurable interest in a debtor's life]; *Reed v Provident Sav. Life Assur. Socy.*, 190 NY 111, 119; *Wright v Mutual Benefit Life Assn.*, 118 NY 237, 244; *Rawls v American Mut. Life Ins. Co.*, 27 NY 282; *Talbert v Storum*, 7 App Div 456; *Alperstein v National City Bank*, 201 Misc 47, 51).

We are not at all persuaded by plaintiff's contrary speculation, including the wholly unsupported accusation that, as an agent of William Penn, Weinberg fraudulently induced the issuance of the policy and conspired to deprive plaintiff of its proceeds. As for the claim that Weinberg failed to establish the precise amount of decedent's indebtedness, it is sufficient to note that the right "to recover the whole amount provided by the policy is well settled, even if the debt owing the payee by the person whose life was insured was less than the sum insured, or had been paid in the lifetime of the insured" (*Wright v Mutual Benefit Life Assn.*, *supra*, at 244; *see*, *New England Mut. Life Ins. Co. v Caruso*, 73 NY2d 74).

Plaintiff's remaining contentions have been considered and found to be either unpreserved for review or lacking in merit.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.