■ ELIZABETH HOTA et al., Appellants, v PREKA CAMAJ, Respondent. [750 NYS2d 119] —In an action to recover the proceeds of a life insurance policy, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Cowhey, J.), entered August 10, 2001, which granted the defendant's motion, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contention, the Supreme Court properly concluded that the complaint fails to state a cause of action to recover the insurance proceeds paid to the defendant. The gravamen of the complaint is that the decedent's assignment of his life insurance policy to the defendant was invalid because the defendant lacked an insurable interest in the decedent's life. However, Insurance Law § 3205 (b) (1) permits any person of lawful age who has procured a contract of insurance upon his or her own life to immediately transfer or assign the contract, and does not require the assignee to have an insurable interest. In any event, since the plaintiffs alleged in their complaint that the policy was assigned as security for a loan from the defendant to the decedent, the Supreme Court

properly concluded that the defendant was the decedent's creditor, which gave him an insurable interest in the decedent's life (*see Cosentino v William Penn Life Ins. Co. of N.Y.,* 224 AD2d 777; *New York Life Ins. Co. v Baum,* 700 F2d 928). S. Miller, J.P., Krausman, Goldstein and Rivera, JJ., concur.